IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **James A. Ciesniewski** | : | **Case No: 1:16-CV-817** |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **Aries Capital Partners, Inc.** | : | |
| (d/b/a Aries Data Collections), | : | |
| **Parker L. Moss** , | : | |
| **Parker L. Moss, P.C.,** | : | |
| **John Doe Company** | : | |
| | : | |
| *Defendants*. | : | |

**COMPLAINT**

**I. INTRODUCTION**

This action is filed by James A. Ciesniewski (hereinafter "Mr. Ciesniewski"), alleging violations of the Fair Debt Collection Practices Act (FDCPA) and related state law claims. Unless otherwise indicated, all facts apply to all counts.

**II. PARTIES**

1. Defendant Aries Capital Partners, Inc. (hereinafter, "Aries") is a New York corporation that is engaged in the business of collecting debts under the name Aries Data Collections. The company regularly collects the debts of Indiana consumers including debts based on Indiana State Court Judgments.

2. Defendant Parker L. Moss (hereinafter, "Parker Moss"), is an adult natural person and an attorney practicing law in Fort Wayne, Indiana. Parker Moss practices through a professional corporation, Parker L. Moss, P.C.  For the purposes of this complaint, all the actions of Parker L. Moss, P.C. were the actions of Parker L. Moss, the individual, and

this complaint will refer to both simply as "Parker Moss". Parker Moss regularly collects consumer debts.

3. Defendant John Doe Company is a fictitious name, a placeholder for an unknown company or other entity who hired Aries to collect the judgment against Mr. Ciesniewski, and who may be liable to Mr. Ciesniewsi.

4. Plaintiff, Mr. Ciesniewski, is an individual who resides at 7612 Kilmer Ln, Indianapolis, IN 46256.

### III. JURISDICTION AND VENUE

5. Plaintiff brings this action for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter, "FDCPA") and related state law claims.

6. Federal Court jurisdiction of this matter is proper pursuant to 28 U.S.C. 1331. Supplemental jurisdiction of state law claims is proper under 28 USC 1367

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) because this is where Defendant Parker Moss resides. Under 28 U.S.C. 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant Aries and Defendant John Doe Company are subject to personal jurisdiction in Indiana because they collect on Indiana judgements including the judgements related to Mr. Ciesniewski.

### IV. FACTS

8. On July 11, 2006, Centurion Capital Corp. (hereinafter, "Centurian") filed a complaint in Marion County Superior Court 6, Case number 49D06-0607-CC-028491 (hereinafter "the Marion County Case") against Mr. Ciesniewski for the sum of twelve-thousand, six-

hundred and fifty-five dollars and nineteen cents ($12,655.19).  Exhibit 1.   This was an action on a consumer credit card, and as such is a consumer "debt".

9. In the Complaint, Centurion claimed that this balance was due to them "based on assignment(s) by original creditor(s) to [Centurion].  That [Centurion] is the actual and bonafide owner of the instrument."  Exhibit 1.

10. The Court granted Summary Judgment in favor of Centurion on November 28, 2006. Exhibit 2.

11. In granting summary judgment, the Court ordered Mr. Ciesniewski to pay Centurion twelve-thousand, six-hundred and fifty-five dollars and nineteen cents ($12,655.19) as of May 31, 2006, "less any payments received, plus interest, finance charges or late charges in the sum of $0.00, attorneys fees in the sum of $0.00, and costs herein all with relief, all of which is to draw interest thereon from this date forward at the statutory rate of 8.00 % per annum."  Exhibit 2.

12. None of the Defendants listed in this Complaint were involved in obtaining the judgment in the Marion County Case in 2006.

13.  Centurion Capital Corp. was a Maryland Corporation which filed articles of dissolution on March 25, 2009.

14.  From March 25, 2009, when Centurion was dissolved, through the date of this complaint, no other entity has claimed in Court filings in Marion County that it is the owner of the judgment that was issued to Centurion.  Centurion, as a dissolved corporation, has no authority to collect the judgment itself.

15. Indiana law provides that judgments may be assigned, but the judgment assignment does not vest until attested by the clerk of the Court. <u>Indiana Code 45-65-7-1 et seq.</u> The clerk of the Court has not attested to any assignments of the judgment by Centurion.

16. On April 14, 2015, Defendant Parker Moss entered an appearance on behalf of Centurion Capital Corp. in the Marion County Case (<u>Exhibit 3</u>) and filed a Motion for Proceedings Supplemental on behalf of Centurion (<u>Exhibit 4</u>), seeking payment on the Centurion judgment.

17. In the Proceedings Supplemental, Defendant Parker Moss incorrectly demanded "[t]hat the plaintiff owns a judgment obtained in this Court against the judgment defendant, James Ciesniewski, on November 28, 2006, for the sum of [twenty-thousand, seven-hundred and nineteen dollars and ninety-nine cents ($20,719.99)] and costs."  <u>Exhibit 4.</u>

18. On April 24, 2015 Moss sought, or caused to be sent by the Court, an "Order to Answer Interrogatories, Notice of Hearing and Interrogatories" to Mr. Ciesniewski's employer, O'Reilly Auto Parts (hereinafter, "O'Reilly").  <u>Exhibit 5.</u>

19. In the "Order to Answer Interrogatories, Notice of Hearing and Interrogatories," the Court incorrectly notified O'Reilly that "[the] Plaintiff in the above-entitled matter has a judgment against the judgment defendant, James A. Ciesniewski, on which there is now due the sum of [twenty-thousand, seven-hundred and nineteen dollars and eighty-eight cents ($20,719.88)], plus post judgment interest of thirteen-thousand, eight-hundred and fifty-five dollars and fifty cents ($13,855.50)], plus Court costs." <u>Exhibit 5.</u>

20. On April 24, 2015, an "Order to Appear in Court to Individual Judgment Defendant" was sent by the Court to Mr. Ciesniewski.  <u>Exhibit 6.</u>

21. In the "Order to Appear in Court to Individual Judgment Defendant," the Court incorrectly notified Mr. Ciesniewski that Centurion [sic] "is owner of a judgment obtained in this Court against [Mr. Ciesniewski] . . . on which there is now due the sum of [twenty-thousand, seven-hundred and nineteen dollars and eighty-eight cents ($20,719.88)], plus Court costs." Exhibit 6.

22. Defendant Aries was never named in the pleadings filed in the Marion County Case, but was identified by Defendant Parker Moss as the entity that hired him to plead the Proceedings Supplemental against Mr. Ciesniewski and who provided him the relevant information about Mr. Ciesniewski's case.

23. Aries advertises itself as "Post-Judgment Recovery Specialists" which collects judgments through "attorney network partners".

24. Under the doctrine of vicarious liability, Aries is liable for the acts and omissions of Parker Moss.

25. Defendant John Doe Company, whose real name and identity is not available to the Plaintiff and Plaintiff's counsel, claims the status of assignee or successor in interest to Centurion, and is believed to have retained Defendant Aries to collect the judgment against the Plaintiff. Whether Defendant John Doe Company has any legitimate right to claim the judgment is unknown at this time.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Defendant, Aries, is a "debt collector" as defined by the FDCPA.

27. Defendant, Parker Moss, is a "debt collector" as defined by the FDCPA.

28. Defendant, John Doe Company, is a "debt collector" as defined by the FDCPA.

29. Mr. Ciesniewski is a "consumer" as defined by the FDCPA.

30. Defendants Parker Moss, Aries, and John Doe Company, attempted to collect an alleged "debt" as defined by FDCPA.

31. According to the "Motion for Proceedings Supplemental," filed by Defendant Parker Moss, and the Court's "Order to Answer Interrogatories, Notice of Hearing and Interrogatories" and "Order to Appear in Court to Individual Judgment Defendant," Defendants Parker Moss, Aries, and John Doe Company, demanded Mr. Ciseniewski pay a total amount of thirty-four thousand, five-hundred and seventy-five dollars and thirty-eight cents ($34,575.38).

32. However, the maximum amount anyone would be allowed to demand of Mr. Ciesniewski, as ruled by the November 28, 2006 Summary Judgment (<u>Exhibit 2</u>), was twenty-five thousand, forty-five dollars and ninety-four cents ($25,045.94). Interest accrued on the original judgment of twelve thousand, six-hundred and fifty-five dollars and nineteen cents ($12,655.19), from May 31, 2006 to April 14, 2015, at eight percent interest (8.00 %), is twelve thousand, three-hundred and ninety dollars and seventy-five cents ($12,390.75).

33. Defendants violated the FDCPA, 15 U.S.C. § 1692e when they falsely represented the amount of this debt.

34. By communicating to the Court and to Mr. Ciesniewski that Defendant Parker Moss represented Centurion, an entity which no longer exists and could not have hired Defendant Parker Moss, his firm, or Defendants Aries or John Doe, Defendants made false representations to collect a debt in violation of 15 USC 1692(e).

35. Mr. Ciesniewski incurred Actual Damages as a result of Defendants Parker Moss, Aries, and John Doe's violations including, but not limited to, emotional distress, postage cost,

lost wages, value of time spent in an attempt to resolve this dispute, cost of fuel and mileage incurred as a result of Defendant's actions.

**WHEREFORE**, Mr. Ciesniewski requests that the Court award all damages pursuant to FDCPA, including actual and statutory damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1692(k), and grant Mr. Ciesniewski all other relief the Court deems to be just and proper.

### COUNT II: VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

36. All defendants are "suppliers" for purposes of the IDCSA as entities that are "debt collectors" under the FDCPA.

37. The Plaintiff is a "person" for purposes of the IDCSA

38. The efforts to collect a debt (the Marion County Court Case judgment) are "consumer transactions" for purposes of the IDCSA.

39. Any violation of the Fair Debt Collection Practices Act from Count I above is a *per se* violation of IDCSA 24-5-0.5-3(20). These violations would include claiming incorrect amounts, claiming an account not owed to the collector, and claiming judgements under the auspices of Centurion, a name other than the collector's.

40. Plaintiffs assert that it is not necessary to plead or prove an incurable deceptive act to state a claim under IC 34-5-0.5-3(20); but to the extent it is necessary to state a claim under 24-5-0.5-3(20), plaintiffs aver that by trying to collect money in the name of a defunct entity, one which the defendants had no direct contact with, was a scheme, device or artifice with intent to defraud, making the deceptive act an "incurable deceptive act"

41. The Plaintiff relied on the deceptive acts of the Defendants by hiring an attorney and otherwise defending an action that should not have been brought.

42. The violations of the defendants were willful. The defendants knew or acted with reckless disregard of the facts that (1) they were claiming the wrong amount; (2) They had no authorization from Centurion to claim in Centurion's name; or (3) they had no legal authority to claim right to the judgment.

**WHEREFORE,** Mr. Ciesniewski claims damages pursuant to IC 24-5-0.5-4 in the amount of $500 per Defendant if not willful or $1,000 per Defendant if willful plus attorney fees, costs and that this Court grant Mr. Ciesniewski all other relief it deems to be just and proper.

**COUNT III: ABUSE OF PROCESS**

43. Defendants directed legal process, to wit, notices of proceedings supplemental and employer interrogatories, to the Plaintiff and his employer.

44. Defendants prepared these documents and submitted them, claiming judgements due to Centurion, the judgment holder. Defendants knew or acted in conscious disregard of the fact that Centurion no longer existed, that the claim had not been assigned, and/or that no assignment was even asserted.

45. The proceedings supplemental and employer interrogatories were issued for the wrongful purpose of collecting money to which they were not entitled because they had no actual authority to collect the debt.

46. The proceedings supplemental and employer interrogatories were issued for the wrongful purpose of collecting money in excess of the actual judgment.

47. Plaintiff suffered damage from these actions in the form of attorney fees, time off work miscellaneous expense, and emotional distress.

48. The willfulness of Defendant's conduct which justifies punitive damages is demonstrated by the fact that the Defendants have, within the two years prior to this complaint, directed

numerous process and attempts to collect on other judgments obtained by Centurion and related entities, and the Defendants have a pattern and practice of misconduct, and have demonstrated an intentional and willful abuse of process.

**WHEREFORE**, Mr. Ciesniewski claims actual damages as proven and punitive damages as the evidence justifies, and that this Court grant Mr. Ciesniewski all other relief it deems to be just and proper.

JURY TRIAL DEMANDED


Respectfully Submitted,


_____     /S/ Keith R. Hagan_____
**Date**                        Keith R. Hagan # 30265-49
                                HAGAN AND WHITE, LLP
                                201 N. Illinois Street
                                Floor 16
                                Indianapolis, IN 46204
                                (317) 531-4575

_____     /S/ Steven R. Hofer\_\_\_\_\_
Date                            Steven R. Hofer
                                Consumer Law Office of Steve Hofer
                                8888 Keystone Crossing, Suite 1300
                                Indianapolis IN 46240
                                (317) 662-4529
                                Hoferlawindy@gmail.com
                                Indiana bar # 11584-49