UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. CIESNIEWSKI, et al., on behalf of themselves and on behalf of all persons similarly situated,<br><br>   Plaintiffs,<br><br>      vs.<br><br>ARIES CAPITAL PARTNERS, INC., et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 1:16-cv-817-WTL-TAB<br>)<br>)<br>)<br>) |

### ENTRY ON MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Defendant Aries Capital Partners, Inc. ("Aries") (Dkt. No. 55). The motion is fully briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

### I. THE ALLEGATIONS IN THE AMENDED COMPLAINT

The facts alleged by Plaintiffs James Ciesniewski and Darryl Norman in their Amended Complaint that are relevant to the instant motion are as follow.

In November 2006, Centurion Capital Corporation ("Centurion") obtained a judgment in state court against Ciesniewski in the amount of $12,655.19. In April 2015, Defendant Parker L. Moss entered an appearance on behalf of Centurion and filed a motion for proceedings supplemental seeking to collect on the judgment by garnishing his wages. Moss did not, in fact, represent Centurion, which had been dissolved in 2009. Rather, Moss had been hired by Aries to collect the judgments; Aries, in turn, had been hired by what the Plaintiffs term the "Palisades entities" (Defendants Asta Funding, Inc., Palisades Collection, LLC, and Palisades Acquisition

XVI, LLC) to collect on various accounts receivables that had been purchased from Centurion and other companies. Ciesniewski hired an attorney and successfully argued in the state court proceeding that garnishment was not appropriate absent a showing of a valid assignment of the debt from Centurion. No garnishment order was entered against Ciesniewski.

In May 2004, Great Seneca Financial Corp. ("Great Seneca") sued Norman in small claims court and obtained a judgment in the amount of $1,568.22. In May 2015, Moss filed an appearance and a motion for proceeding supplemental against Norman seeking to collect on the judgment. Moss stated that he represented Great Seneca. Moss caused interrogatories to be served on Norman's employer and obtained a garnishment order. Norman, "[u]nder extreme duress due to the garnishment," agreed to pay off the judgment. The garnishment order was then vacated.

The Plaintiffs allege that Moss's claims that he represented Centurion and Great Seneca in the proceedings supplemental against Norman and Ciesniewski constituted the type of false or misleading representation in connection with the collection of a debt that is prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"). They assert on behalf of themselves and two putative classes that Moss and the other Defendants acted in concert to mislead them into believing the original judgment holders had filed the proceedings supplemental in order to avoid having to prove that the judgments had been properly assigned and that Moss's actual client(s) had the legal right to collect on them. They also assert that the same conduct violated the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-3 ("IDCSA") and constituted abuse of process and, with regard to Norman and those class members who paid money as a result of the proceedings supplemental, also constituted unjust

enrichment. Finally, Ciesniewski asserts that the Defendants falsely stated the amount of debt in the proceedings supplemental filing against him in violation of the FDCPA.

## II. DISCUSSION

Aries advances several reasons why the Plaintiffs' claims against it should be dismissed. Each of its arguments is addressed, in turn, below.

### A. *Rooker-Feldman*

Aries first argues that the holding of *Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014), dictates a finding that the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017).

The *Rooker-Feldman* doctrine clearly does not apply to Ciesniewski's claims in this case, for the simple reason that Ciesniewski is not a "state court loser." The relevant state court proceeding is the proceedings supplemental.[1] Ciesniewski successfully defended against that proceeding; no garnishment order was entered against him. *Rooker-Feldman* thus is no bar to Ciesniewski's claims in this case.

Norman's situation is more complicated. A garnishment order was entered against him on August 3, 2015. Norman argues that he is nonetheless not a "state court loser" because the garnishment order was vacated the following month. It is the Court's understanding that the order was vacated only because Norman agreed to satisfy the judgment against him, and that he

---

[1]Aries is simply incorrect when it argues that the original state court judgments are implicated in this case. The Plaintiffs do not assert that the original judgments were improper in any way, and none of the relief they seek would call those judgments into question. At issue are the Defendants' attempts to enforce those judgments and whether misrepresentations were made during the course of those enforcement proceedings.

3

agreed to do so only because the garnishment order was entered against him. Dkt. No. 68 at 4 ("Under extreme duress due to the garnishment, Norman agreed to a payoff arrangement and paid off the judgment. Accordingly, the garnishment order was vacated on September 17, 2015, and Moss filed a release for judgment paid in full on October 15, 2015.") (citing Amended Complaint at ¶ 70). The garnishment order was a final appealable order under Indiana law, *Harold*, 773 F.3d at 886, and instead of appealing it on the grounds that it was improperly obtained, Norman rendered it moot by paying off the judgment. Under these circumstances, the Court finds that Norman was, in fact, the "loser" in the proceedings supplemental, as Great Seneca (or whatever entity was actually represented by Moss) obtained the relief it sought against him.[2]

The Court further finds that Norman's claims are factually indistinguishable from those in *Harold*. In both cases, the plaintiff was subject to a post-judgment garnishment order in state court and filed suit in federal court arguing that in order to obtain the garnishment order the federal defendant "had misrepresented the judgment creditor's identity . . . and did not represent the only entity authorized to enforce the judgment." *Harold*, 773 F.3d at 885. The Seventh Circuit held that the plaintiff's claim that the misrepresentation violated § 1692e of the FDCPA

---

[2]The cases the Plaintiffs cite for the proposition that "after a state court order has been vacated, no basis for a dismissal under *Rooker-Feldman* exists," are distinguishable from this case. In *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732 (7th Cir. 2014), the judgment debtor successfully argued to a bankruptcy court that a state court judgment was invalid; based on that ruling, the judgment creditor asked the state court to vacate the judgment. In *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 817 (7th Cir. 2010), the plaintiff's motion to set aside a judgment enforcing an arbitration award against her was granted. Similarly, in *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 429 (S.D.N.Y. 2010), the plaintiffs had successfully had the judgments against them vacated. None of these cases involved a federal plaintiff who had paid a settlement in order to obtain dismissal of the state court proceeding against him by motion of the state court plaintiff.

4

was barred by the *Rooker-Feldman* doctrine because "[t]he *Rooker–Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293 (2005) and *GASH Associates v. Rosemont,* 995 F.2d 726, 729 (7th Cir. 1993)).  In so holding, the court rejected Harold's argument that "the false statements, rather than the state court's decision, inflicted the injury of which he complains," finding that

> if [federal defendant] Steel's client did not own the judgment, then Harold was entitled to a decision in his favor [in the state court garnishment proceeding].  No injury occurred until the state judge ruled against Harold. The need to litigate was not a loss independent of the state court's decision; costs of litigation were inevitable whether or not Steel was telling the truth about his client's rights—and it should be cheaper to defeat a false claim than to defeat a true one.

*Id.* at 886-87.  The court concluded "Section 1692e forbids debt collectors to tell lies but does not suggest that federal courts are to review state-court decisions about whether lies have been told. Section 1692e does not even hint that federal courts have been authorized to monitor how debt-collection litigation is handled in state courts." *Id.* at 887.

The Plaintiffs attempt to distinguish *Harold* on the ground that the issue of whether the Steel misrepresented the identity of the judgment creditor was actually litigated and decided by the state court.  But the relevant question under the *Rooker-Feldman* doctrine is whether a plaintiff had a reasonable opportunity to raise the issue of the judgment creditor's identity in the state court action, not whether the issue was actually litigated. *See, e.g.*, *Jakupovic v. Curran*, 850 F.3d 898, 903 (7th Cir. 2017).  The Plaintiffs also cite to numerous cases applying *Rooker-Feldman* and argue that the under the holdings of those cases, the doctrine should not be applied in this case.  The Plaintiffs' arguments are not unreasonable; however, arguments about holdings in other cases are unavailing when binding, indistinguishable precedent dictates the result in this

5

case.[3] This Court is not permitted to second-guess binding precedent, and the Plaintiffs have provided the Court with no basis for finding the holding of *Harold* inapplicable to this case.

All of Norman's claims arise out of the same injury, and that injury expressly was caused by the state court's adverse order in the proceedings supplemental. Accordingly, pursuant to *Harold*, Norman's claims are barred by the *Rooker-Feldman* doctrine and are dismissed without prejudice for lack of subject matter jurisdiction.

### B. Ciesniewski's IDCSA Claim

Aries argues that Count III of the Amended Complaint, which asserts a claim under the Indiana Deceptive Consumer Sales Act ("IDCSA"), must be dismissed because "[t]he IDSCA specifically provides that no private cause of action exists where the alleged deceptive act is predicated upon the violation of the Fair Debt Collection Practices Act." Dkt. No. 56 at 9. Indeed, the IDCSA includes a violation of the FDCPA in its definition of "deceptive act," Ind. Code § 24-5-0.5-3(b)(20), but then expressly provides that its provision providing for a private action for damages "does not apply with respect to a deceptive act described in section 3(b)(20) of this chapter." Ind. Code § 24-5-0.5-4(b). Aries in essence argues that this provision prohibits private actions for any conduct that would constitute a violation of the FDCA. The Court disagrees with Aries's reading. If the conduct alleged in Count III otherwise constitutes an "unfair, abusive, or deceptive act, omission," the conduct prohibited by Ind. Code § 24-5-0.5-3(a), then it is actionable under the IDSCA, regardless of whether it would also support a claim

---

[3] For example, the Plaintiffs argue that "[t]he named plaintiffs in the underlying state actions—[Centurion and Great Seneca]—are *not parties to this case*, and Defendants in this case cannot through fraud entitle themselves to the benefits that *Rooker-Feldman* affords those parties against federal court reversal of their judgments." Dkt. No. 68 at 12. But that was also the situation in *Harold*.

under the FDCPA. Aries does not advance any other argument with regard to Count III; accordingly, the motion to dismiss is **DENIED** as to Ciesniewski's claim under the IDSCA.

### C. Unjust Enrichment

Ciesniewski concedes that he has failed to state a claim for unjust enrichment. Accordingly, the motion to dismiss Count V is **GRANTED**.

### D. Materiality

Finally, Aries argues that the identity of the creditor is not material and therefore cannot constitute a violation of § 1692e of the FDCPA. Neither party has adequately briefed this issue. Aries simply cites to two unpublished district court opinions from outside the Seventh Circuit, without providing any analysis or context. The Plaintiffs incorrectly rely on *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016), which, as Aries points out, involves a violation of § 1692g, which does not require a showing of materiality. "It is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011), and the Court declines to do so here.

That said, it is the Court's responsibility to insure that it has subject matter jurisdiction over this case, and given the unequivocal holding in *Harold* that "[n]o injury occurred until the state judge ruled against Harold," 773 F.3d at 886, it is entirely unclear that Ciesniewski—who suffered no such adverse state court ruling—has alleged the type of injury-in-fact necessary to establish that he has Article III standing in this case. *See Groshek v. Great Lakes Higher Educ. Corp.*, 2017 WL 3260080 (7th Cir. Aug. 1, 2017). "'Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), and

7

*Meyers v. Nicolet Rest. of De Pere*, *LLC*, 843 F.3d 724, 727 (7th Cir. 2016)).  The parties shall brief this issue according to the briefing schedule set forth below.

### III.  CONCLUSION

Aries' motion to dismiss (Dkt. No. 55) is **GRANTED** with regard to all of Plaintiff Darryl Norman's claims, which are dismissed without prejudice for lack of subject matter jurisdiction, and with regard to Plaintiff James Ciesniewski's claim for unjust enrichment (Count V of the Amended Complaint), which is dismissed for failure to state a claim.  Because the reasons for the dismissals are equally applicable to all Defendants, the dismissed claims are dismissed as to all of the other Defendants as well.  The motion to dismiss is **DENIED** as to all remaining claims.

**Within 21 days of the date of this Entry, the Plaintiff shall file a brief discussing whether, in light of the holdings in *Harold* and *Groshek*, the remainder of this case should be dismissed without prejudice for lack of Article III standing.**  The Plaintiff should take care specifically to address these two holdings and their applicability to the facts of this case.  Any Defendant that wishes to file a response to the Plaintiff's brief shall do so **within 14 days of the date the Plaintiff's brief is filed**; any reply shall be filed **within 7 days thereafter**.

Finally, the Plaintiffs' motion for class certification (Dkt No. 32) is **DENIED** without prejudice to refile it at such time as the parties are ready to brief the issues therein, assuming the Court determines it has subject matter jurisdiction over the remaining class claims.  Such premature "placeholder" motions for class certification used to be encouraged by Seventh Circuit precedent, *see Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), in order to prevent a putative class action from being rendered moot by an offer of judgment made to the named Plaintiff.  *Damasco* has now expressly been overruled by the Seventh Circuit.  *Chapman v. First*

*Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). While the Plaintiffs correctly note that there remains an open question pursuant to *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), whether "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount," that scenario does not contemplate automatic mootness based upon the unilateral action of the defendant without any opportunity for the plaintiff to file a motion for class certification prior to the entry of judgment. Accordingly, there is no need to keep a premature motion pending on the Court's docket.

    SO ORDERED: 8/14/2017

                                        Hon. William T. Lawrence, Judge
                                      United States District Court
                                        Southern District of Indiana

Copies to all counsel of record via electronic notification