UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. CIESNIEWSKI, et al., on behalf of themselves and on behalf of all persons similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Cause No. 1:16-cv-817-WTL-TAB ) |
| ARIES CAPITAL PARTNERS, INC., et al. | ) ) ) ) |
| Defendants. | ) |

## SUPPLEMENTAL ENTRY ON MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Defendant Aries Capital Partners, Inc. ("Aries") (Dkt. No. 55). On August 14, 2017, the Court granted and denied in part this motion, and ordered additional briefing on whether the remainder of this case should be dismissed for lack of Article III standing in light of the Seventh Circuit rulings in *Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014), and *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884 (7th Cir. 2017). In light of this additional briefing,[1] the Court holds that the remainder of the Plaintiff James Ciewniewski's claims should not be dismissed due to lack of standing.

### I. Facts

The facts alleged by Ciesniewski in the Amended Complaint that are relevant to the instant motion are as follow.

---

[1] Defendants Asta Funding, Inc., Palisades Collections, LLC, and Palisades Acquisition XVI, LLC join in Aries's arguments, in addition to making their own. Dkt. No. 79. Defendants Parker L. Moss, P.C. and Parker L. Moss join Aries's arguments as well. Dkt. No. 80.

In November 2006, Centurion Capital Corporation ("Centurion") obtained a judgment in state court against Ciesniewski in the amount of $12,655.19. In April 2015, Defendant Parker L. Moss entered an appearance on behalf of Centurion and filed a motion for proceedings supplemental seeking to collect on the judgment by garnishing his wages. Moss did not actually represent Centurion, which dissolved in 2009. Rather, Moss had been hired by Aries to collect the judgments; Aries, in turn, had been hired by what Ciesniewski terms the "Palisades entities" (Defendants Asta Funding, Inc., Palisades Collection, LLC, and Palisades Acquisition XVI, LLC) to collect on various accounts receivables that had been purchased from Centurion and other companies. Ciesniewski hired an attorney and successfully argued in state court that garnishment was not appropriate absent a showing of a valid assignment of the debt from Centurion. No garnishment order was entered against Ciesniewski. Ciewsniewski sued the Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), a violation of the Indiana Deceptive Consumer Sales Act, abuse of process, and unjust enrichment, the last of which was dismissed by the Court.

## II. Discussion

Article III standing requires that Ciesniewski allege: (1) an injury in fact that is (2) fairly traceable to the challenged conduct of the defendant and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Ciesniewski asserts that he suffered actual damages sufficient to establish an injury in fact when he was "forced to defend the garnishment proceedings, resulting in expenses traveling to and from court and lost wages for the time spent at hearings." Dkt. No. 77 at 6. Alternatively, Ciesniewski asserts that he suffered an informational injury sufficient to confer standing. *Id*.

Aries contends that Cieswnieski, in light of the Seventh Circuit's ruling in *Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014), did not suffer actual damages. According to Aries, "the *Harold* court held that 'the need to litigate was not a loss independent of the state court's decision; costs of litigation were inevitable whether or not defendant was telling the truth about his client's rights – and it should be cheaper to defeat a false claim than to defeat a true one.'" Dkt. No. 78 at 5 (quoting *Harold*, 773 F.3d at 886-87) (alterations omitted). Furthermore, Aries argues, *Harold*'s "reasoning is directly applicable here, as plaintiff was indisputably in default on his debt and thus the need to attend court appearances and the associated costs are not independently recoverable losses that can be considered actual damages." *Id*. Ciesniewski counters:

> This case is distinguishable from *Harold* in one key aspect. In *Harold*, the state court determined that the plaintiff was the proper party to bring garnishment proceedings. *Harold*, 773 F.3d at 885. Accordingly, the costs of litigation by the proper party were "inevitable." In this case, however, the state court determined that Defendants were *not* entitled to initiate garnishment proceedings. They only claimed to be by misrepresenting themselves, a violation of the FDCPA. Accordingly, any costs litigating the issue of the debt owner's identity were caused by that violation and are therefore actual damages.
>
> Defendants argue that Plaintiff "indisputably" owed the debt to someone—Defendants neglect to indicate to whom—so that it was inevitable that [the Plaintiff] had to attend court appearances and cannot, therefore claim the costs of doing so as actual damages. However, while Plaintiff does not dispute that he owes the debt, he disputes that he owes it to Defendant. The proper party to initiate proceedings supplemental could still do so, and the costs of defending those proceedings would be "inevitable." But the *additional* costs of litigating the question of Defendants' (non)interest in the debt were caused by Defendants' misrepresentation in violation of the FDCPA.

Dkt. No. 81 at 3 (emphasis in original).

*Harold*, for the most part, is significantly similar to the one at hand in that it involved an attorney allegedly misrepresenting the creditor's identity in a garnishment proceeding. *Harold*, 773 F.3d at 885. Critically, however, the plaintiff in that case, Harold, was not successful in the

3

initial proceeding, and a garnishment order was entered against him. *Id*. The Seventh Circuit subsequently upheld the district court's dismissal pursuant to the *Rooker–Feldman* doctrine, which prohibits the federal courts, excluding the Supreme Court, from hearing cases "when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Id*. Nevertheless, the Seventh Circuit stated that

> It is easy to imagine situations in which a violation of federal law during the conduct of state litigation could cause a loss independent of the suit's outcome. *Suesz v. Med–1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc), illustrates. The Fair Debt Collection Practices Act limits debt collectors to suits in the "judicial district or similar legal entity" where the contract was signed or the debtor resides. 15 U.S.C. § 1692i. If a debt collector violates that statute, it inflicts an injury measured by the costs of travelling or sending a lawyer to the remote court and moving for a change of venue, no matter how the suit comes out.

*Harold*, 773 F.3d at 886. Such language seems to suggest that such litigation costs are sufficient to establish actual damages, but that cannot end the Court's inquiry, as the Seventh Circuit continues:

> Harold was not injured in that way, however. He complains about representations that concern the merits. If Steel's [the misrepresenting attorney] client did not own the judgment, then Harold was entitled to a decision in his favor. No injury occurred until the state judge ruled against Harold. The need to litigate was not a loss independent of the state court's decision; costs of litigation were inevitable whether or not Steel was telling the truth about his client's rights—and it should be cheaper to defeat a false claim than to defeat a true one.

*Id*. at 886–87. The Court is faced with the question of whether this case is more like *Harold* or the hypothetical scenario described in *Harold*, and finds it to be more like the hypothetical. Here, like the hypothetical plaintiff who defends garnishment proceedings in an improper judicial district, there is no injury caused by a state court judgment, because Ciesniewski successfully defended the garnishment proceeding. Furthermore, both Ciesniewski and the plaintiff in the hypothetical were forced to defend improper garnishment actions. In *Harold*, on

4

the other hand, the costs of litigation were associated with a permissible garnishment claim—there was no injury independent of that state court action. Because Ciesniewski alleges that the Defendants' violation of the FDCPA required expenses he would not have otherwise incurred, Ciesniewski has asserted an injury sufficient to confer standing.

### III. Conclusion

For the reasons set forth above, Ciesniewski's claims survive the Defendant's motion to dismiss, Dkt. No. 55, to the extent stated in the Court's prior entry, Dkt. No. 76. Within twenty-one days of the date of this entry the parties shall file an amended case management plan setting forth a schedule for resolving the remaining claims.

SO ORDERED: 9/19/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification