UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES A. CIESNIEWSKI, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00817-JPH-TAB |
| | ) | |
| ARIES CAPITAL PARTNERS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL AND TO STRIKE**

**I. Introduction**

In the underlying action, Plaintiff James Ciesniewski alleges that Defendants Aries Capital Partners, Inc. and the Palisades Defendants[1] enforce and/or attempt to enforce judgments without a legal basis. Ciesniewski claims that the Palisades Defendants acquire judgments from businesses and employ Aries to service the judgments, and that Aries engages lawyers and law firms to collect the judgments. But according to Ciesniewski, some of these collections efforts run afoul of the Fair Debt Collection Practices Act because of a lack of a valid assignment from the original business who won the judgments and because the businesses had dissolved. Ciesniewski calls the dissolved businesses "dead companies." A discovery dispute resulted concerning the actions to enforce dead companies' judgments and the lawyers and law firms involved.

After trying to resolve this discovery dispute via phone calls and email, as well as a conference with the Magistrate Judge, the parties felt motions practice was necessary.

---

[1] The "Palisades Defendants" collectively refers to Defendants Asta Funding Inc., Palisades Collection, LLC, and Palisades Acquisition XVI, LLC.

Ciesniewski filed the instant motion to compel. Aries and the Palisades Defendants filed separate responses. In responding to the motion and with the Court's leave, the Palisades Defendants filed a surreply, but Ciesniewski filed a motion to strike it.[2] The Court now considers both motions together, denies Ciesniewski's motion to strike [Filing No. 142], and grants in part and denies in part Ciesniewski's motion to compel. [Filing No. 119.] Defendants shall have until July 16, 2019, to provide any responsive documents. Ciesniewski's request for his attorney's fees is denied.

## II. Motion to Strike

Ciesniewski's motion to strike argues the Court should strike the Palisades Defendants' surreply because it relies on new and improper evidence. The surreply includes a declaration from the Palisades Defendants' vice president of business development. [Filing No. 140.] Ciesniewski argues the Court did not grant the Palisades Defendants leave to file the supporting declaration, and regardless, the declaration attempts to improperly present legal interpretations and conclusions as evidence. [Filing No. 142, at ECF pp. 1–2 (citing *Good Shepard Manor Found. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003)).]

Ciesniewski's arguments are unpersuasive. First, Ciesniewski argues that "the proper purpose of a [sur]reply brief is to reply, not to present new evidence," which is ironic given that the Court permitted the surreply because Ciesniewski included a new argument in his reply. [*Id.* at ECF p. 2.] The declaration evidence is responsive to Ciesniewski's new argument concerning agency and sub-agency, and there is nothing inherently improper about including it. Second, though Ciesniewski asserts that the declaration presents a legal argument, Ciesniewski fails to

---

[2] The progression of this discovery dispute suggests the parties and their counsel have become sidetracked from the merits of this case.

2

point to supposed offending language. The declaration does not cite legal standards, and contrary to Ciesniewski's contention, the declaration does not claim there is no agent or subagent relationship. Rather, it properly provides testimonial evidence that may support that position. [Filing No. 140, at ECF pp. 1–2.] Third, the bulk of the motion to strike presents counter arguments to those in the Palisades Defendants' surreply, meaning most of Ciesniewski's motion to strike is really a sur-surreply. [Filing No. 142, at ECF pp. 2–3, ¶¶3–6.] And unfortunately, much of the Palisades Defendants' response to the motion to strike is largely a sur-sur-surreply. [Filing No. 143, at ECF p. 1.] Enough is enough. The motion to strike is denied.

### III. Motion to Compel

The motion to compel concerns Ciesniewski's efforts to certify a nationwide class. Ciesniewski seeks "all documents responsive to [Ciesniewski's] First Set of Discovery Requests that relate to the issues of class size and the network of attorneys retained to enforce judgments on behalf of dead companies." [Filing No. 119, at ECF p. 6.] Ciesniewski points to cases in which courts have permitted similar pre-certification discovery into the size of the potential class. [Filing No. 119, at ECF p. 6 (citing *Muha v. Encore Receivable Management, Inc.*, 236 F.R.D. 429, 430 (E.D. Wis. 2006); *Lucas v. G.C. Serv's,* LP, 226 F.R.D. 328 (N.D. Ind. 2004); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (C.D.Cal. 1990); *Zahorik v. Cornell Univ.*, 98 F.R.D. 27 (N.D.N.Y. 1983); *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D. Ill. 1976)).] Aries argues in response that the request for class size data is premature, the motion is untimely, and the discovery is not proportional to the needs of the case. [Filing No. 120.] The Palisades Defendants separately respond that the requested documents are not in its control. [Filing No. 121.]

### a. Aries' Response

Aries does not meet its burden in opposing the motion to compel. *See Belcastro v. United Airlines, Inc.*, 17 C 1682, 2019 WL 1651709, at *4 (N.D. Ill. Apr. 17, 2019) (objecting party "bears the burden of showing why the request is improper"). Aries cites *Swelnis v. Universal Fidelity L.P.*, No. 2:13-cv-104-PRC, 2014 U.S. Dist. LEXIS 53058, at *8 (N.D. Ind. Apr. 17, 2014), arguing that discovery into a putative nationwide class is premature because Aries concedes that there are 63 putative class members in Indiana, which should be sufficient to satisfy the numerosity requirement to certify an Indiana class. [Filing No. 120, at ECF pp. 3–4.] While *Swelnis* supports the position that discovery into class size is not necessary when the parties already have a good estimate, nothing in the case supports Aries' position that it can cut off discovery into the size of a putative nationwide class because the numerosity requirement has likely been met for a statewide class. *See Swelnis*, 2014 U.S. Dist. LEXIS 53058, at *8. While there may be some wisdom in testing the waters by attempting to certify an Indiana class before expanding nationwide, Aries provides no authority suggesting it can force Ciesniewski to take this route.

Aries next argues that the motion is untimely. As Ciesniewski explains, however, the delay was largely beyond his control. Ciesniewski filed the motion to compel a month before the close of discovery. As Aries points out, Seventh Circuit courts have found motions to compel filed near the discovery deadline to be untimely. *See*, *e.g. Wilbur v. County of Waukesha*, No. 14-cv-0046-PP, 2016 U.S. Dist. LEXIS 99835, at *8 (E.D. Wis. July 28, 2016); *Ridge Chrysler Jeep, L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 U.S. Dist. LEXIS 26861, at *4 (N.D. Ill. Dec. 29, 2004). However, Ciesniewski persuasively explains that he raised the issue well before the deadline, but the required process to bring a motion to compel ran

up to the deadline.[3] [Filing No. 119, at ECF pp. 2–4.] Ciesniewski broached the issue with the Palisades Defendants on January 31, 2019, and with Aries on February 14. The parties discussed the issue in calls on February 19 and March 1 but did not reach an agreement. The parties promptly requested the required Local Rule 37-1 conference with the Magistrate Judge. At that March 15 conference, Ciesniewski was ordered to produce examples of alleged improper collections occurring outside Indiana, and Ciesniewski produced the examples on April 1. Defendants responded on April 24, indicating their continued objection to the discovery, and Ciesniewski filed his motion on May 14. Nothing in this scenario suggests Ciesniewski lacked diligence, and the Court will not deny the motion as untimely.

Finally, Aries argues the discovery is not proportional to the needs of the case, as required by Rule 26(b)(1). In determining whether discovery is proportional, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Aries argues that the discovery would be exceptionally time consuming and difficult because it would have to scour dockets all across the country, looking for enforcement actions brought in the name of the dead companies and checking individual docket entries. Aries points out that this is the exact same process that Ciesniewski argues would be overly burdensome for him to have to do. However, Ciesniewski replies that Aries retained the lawyers and law firms who filed the enforcement actions, so there is no reason

---

[3] In his reply brief, Ciesniewski asserts that "it is the bad faith delay of the Defendants that can be blamed for the timing of Plaintiffs' motion." [Filing No. 126, at ECF p. 3.] However, Ciesniewski makes no argument in support of this serious accusation. Unsupported allegations of this magnitude should be avoided.

5

Aries could not obtain the information from its lawyers. The amount in controversy in this potential nationwide class is significant, and Aries is in the best position to access this information. Thus, the Court is not convinced that the discovery of this relevant information would be disproportionate to the needs of the case, and the Court grants Ciesniewski's motion with respect to Aries.

### b. The Palisades Defendants' Response

The Palisades Defendants rely on a different theory in their separate response to Ciesniewski's motion to compel. The Palisades Defendants argue they cannot supply the requested information because they do not possess it. The Palisades Defendants contend that parties are only required to produce documents over which they have possession, custody, or control or the legal right to obtain the documents on demand. [Filing No. 121, at ECF p. 5 (citing *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 647 (E.D. Wis. 2011)).] The Palisades Defendants claim that they do not have the documents or the legal right to demand them because, unlike Aries, they do not have any direct relationships with the lawyers and law firms who file the collection actions.

Ciesniewski replies that the Palisades Defendants do in fact have a legal right to the documents because the lawyers or law firms are subagents. Ciesniewski attempts to establish that there is an agency relationship between the Palisades Defendants and Aries through which the Palisades Defendants could demand the documents from the lawyers and law firms. [Filing No. 126, at ECF pp. 8–9.] Ciesniewski points to language in an agreement he argues gives the Palisades Defendants a right to audit Aries. [*Id.*] The Palisades Defendants contest this characterization and assert that the agreement expressly disclaims any agency relationship between the Palisades Defendants and Aries. [Filing No. 139, at ECF p. 2.]

6

Regardless, diving into this potentially complex issue of agency law would be a purely academic exercise because Ciesniewski can go directly to Aries. The Court will not require a three-step process when a two-step process delivers the same result. Therefore, the Court denies Ciesniewski's motion to the extent it seeks to compel the Palisades Defendants to compel Aries to compel its attorneys to turn over documents.

However, Ciesniewski also argues that the Palisades Defendants have possession of at least some of the documents at issue, pointing to Interrogatory 14, which asks for "any debts that have been sold to a third party," as an example. [Filing No. 126, at ECF p. 7.] Notably, the Palisades Defendants claim in their response that they are unsure about the scope of the production requests at issue in Ciesniewski's motion to compel, and that the clarification they received from Ciesniewski seems to include more documents than had previously been discussed. [Filing No. 121, at ECF pp. 3–4.] Ciesniewski's motion does not state which individual discovery requests he seeks to enforce, but instead includes a general description of the requests for which he seeks responses. [Filing No. 119, at ECF p. 6.] The briefing on this point lacks specificity and precludes the Court from being able to determine the scope of this issue. Thus, all the Court can conclude is that the Palisades Defendants must produce by July 16 all responsive documents that are in their possession.

**IV. Fees**

Ciesniewski asks the Court to award attorney's fees incurred in filing the motion to compel. [Filing No. 119, at ECF p. 6.] Rule 37(a)(5) requires the Court to award attorney's fees upon granting a motion to compel unless the opposing party's response was substantially justified. A response is substantially justified if it "posit[s] a 'genuine dispute' or if reasonable people could differ as to the appropriateness of the contested action." *Tecnomatic, S.p.A. v.*

*Remy, Inc.*, 1:11-cv-00991-SEB, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013). Aries identified genuine disputes regarding the appropriateness of both Ciesniewski's discovery requests and his motion to compel. And the Palisades Defendants were largely successful in opposing Ciesniewski's motion. Therefore, an award of attorney's fees is not warranted.

## V. Conclusion

As discussed above, the Court denies Ciesniewski's motion to strike [Filing No. 142] because Ciesniewski fails to show the Palisades Defendants' surreply was improper. The Court grants in part and denies in part Ciesniewski's motion to compel. [Filing No. 119.] The Court grants the motion to the extent it seeks to require Aries to obtain and provide documents from lawyers and law firms it retained to prosecute enforcement actions. However, the Court denies the motion to the extent it seeks to compel the Palisades Defendants to produce documents outside of their immediate possession. The Defendants shall provide any responsive documents by July 16, 2019. Ciesniewski's request for his attorney's fees is denied.

Date: 7/3/2019

*[signature]*

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.