UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. CIESNIEWSKI, DARRYL NORMAN, on behalf of themselves and on behalf of all persons similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>ARIES CAPITAL PARTNERS, INC. d/b/a ARIES DATA COLLECTIONS, ASTA FUNDING, INC., PALISADES COLLECTION, L.L.C., PALISADES ACQUISITION XVI, L.L.C.; PARKER L. MOSS, PARKER L. MOSS, P.C.,<br><br>   Defendants. | CASE NO. 1:16-CV-00817-WTL-TAB |

## AFFIDAVIT OF MATTHEW BLAKE

I, Matthew Blake, under oath and with personal knowledge, state as follows:

1. I am the Chief Executive Officer and owner of Aries Capital Partners, Inc., (Aries) and have served in that capacity since 2005.

2. Aries is a licensed collection agency and was licensed at all times relevant to the allegations in Plaintiff's amended complaint.

3. I was Chief Executive Officer during the time of the events alleged in Plaintiff's amended complaint.

4. I am personally familiar with Aries's day-to-day operations, including the assignment of collection matters to attorneys.

5. At all material times, Aries had an Attorney Network Collection Agreement with defendant Palisades Collection, L.L.C. Pursuant to that agreement, Palisades Collection, L.L.C. placed judgments with Aries for collection.

**EXHIBIT R**

6170090.1

6. Palisades Collection, L.L.C., provided collection information to Aries through a secured electronic link to TXT files. Aries took data from the TXT files and loaded the information into its "Collector Pro" software program. Aries would send the collection information provided by Palisades Collection, L.L.C., to its collection attorneys after Aries determined that the information was correct. It did so by making sure that the information needed to collect on judgments was put in the correct columns on the spreadsheet sent to the attorney. The data sent to attorneys was reviewed to make sure it was consistent with Aries' internal information. Aries used this procedure with each collection matter assigned to an attorney or law firm to avoid errors.

7. During the time of the events alleged in Plaintiff's amended complaint, Aries assigned collection matters to defendants Parker L. Moss and Parker L. Moss, P.C., including judgments assigned by Palisades Collection, L.L.C.

8. One of the collection matters assigned to defendants Parker L. Moss and Parker L. Moss, P.C., was the Ciesniewski collection matter, which is the subject of this lawsuit.

9. With respect to every collection matter assigned to any law firm during the time period identified in Plaintiff's amended complaint, Aries had a procedure in place to ensure that the law firms filed suit under the name of the correct current creditor. Aries adapted this procedure to avoid errors, including the prosecution of collection matters under the names of entities other than the current creditor or on behalf of disbanded entities, such as the entities identified by Plaintiff as "Dead Companies."

10. With respect to every collection matter assigned to any law firm, Aries provided an Excel document that provides certain information, including the name of the judgment amount, the original creditor and the current creditor.

11. In this case, Aries provided an Excel spreadsheet to Parker L. Moss and Parker L. Moss, P.C. assigning several collection matters, including the Ciesniewski matter.

12. At my deposition, counsel for defendants Parker L. Moss and Parker L. Moss, P.C., showed me an incomplete copy of the 2014 Excel spreadsheet, which was identified as deposition exhibit 13. That spreadsheet, which had been converted to a PDF document and produced by Parker L. Moss and Parker L. Moss, P.C., did not include every column of data that the 2014 Excel spreadsheet contained. Specifically, the document presented as an exhibit at my deposition did not include column AG.

13. Following my deposition, I located the October 2014 Excel spreadsheet, which my attorney produced to all parties.

14. An accurate and authentic copy of the October 2014 Excel spreadsheet assigning collection matters to defendants Parker L. Moss and Parker L. Moss, P.C., is attached to this affidavit as Exhibit 1. To protect confidential information, Aries redacted the names of all debtors other than Plaintiff and Plaintiff's personal information.

15. In column AG, identified as "Assignee," the attached October 2014 Excel spreadsheet advised Parker L. Moss and Parker L. Moss, P.C., that "The current creditor, as the assignee to whom this debt is owed, is Palisades Acquisition XVI, LLC."

16. Aries used this identical procedure with each collection matter assigned to an attorney or law firm to inform each attorney or law firm of the current creditor to avoid errors.

17. With respect to each collection matter assigned to an attorney or law firm, Aries reviewed the original judgment and entered that information into a spreadsheet. Aries utilized this procedure to avoid errors in the judgment amount.

18. In column Z, identified as "Judgment Amount," the attached October 2014 Excel spreadsheet identified an amount of $20,719.88.

19. Aries used this identical procedure with each collection matter assigned to an attorney or law firm to inform each attorney or law firm of the judgment amount to avoid errors.

20. The correct judgement amount should have been $12,655.19. That error occurred despite the existence of a procedure to prevent errors.

FURTHER AFFIANT SAYETH NOT.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 9, 2019.

Matthew Blake

# EXHIBIT 1

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Aries file # | Attorney_ref | Creditor_Ref | Original Creditor | Orig_Creditor_Ref | Fname_1 | Lname_1 | SS | Address | City | State | Zip | Home Phone | Emp_Tel |
| 2 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | | |
| 3 | 205131 | | 14244137 | DISCOVER FINANCIAL SERVICES | 6011005134507436 | JAMES A | CIESNIEWSKI | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | |
| 4 | | | | | | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 5 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 6 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 7 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | |
| 8 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | |
| 9 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | | |
| 10 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | | Redacted |
| 11 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | |
| 12 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | | |
| 13 | Redacted | | Redacted | Redacted | Redacted | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 14 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | |
| 15 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |

**EXHIBIT 1**

| | O | P | Q | R | S | T | U | V | W | X | Y | Z | AA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Employ_Name | Employ_Address | Employ_City | Employ_State | Employ_Zip | Plaintiff Name | Judgment_Awarded_Date | Index_Num | County | Court_Name | Court_State | Judgment_Amount | Payments Post Judgment |
| 2 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 3 | Redacted | Redacted | Redacted | Redacted | Redacted | CENTURION CAPITAL CORP | 11/28/2006 | 49D06-0607-CC-028491 | Marion | Marion County Superior Court 6 | IN | $20,719.88 | $0.00 |
| 4 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 5 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 6 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | | | Redacted | Redacted | Redacted |
| 7 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 8 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 9 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 10 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 11 | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 12 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 13 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 14 | Redacted | | | | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 15 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |

# EXHIBIT 1

| | AB | AC | AD | AE | AF | AG | AH | AI | AJ | AK |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | LAST PAY DATE | BALANCE WITHOUT INTEREST | Garnish or Corporate Name | Garnish or Corp. Address1 | Garnish or Corp. Address2 | Assignee | State_1 | Street Address | City_1 | Zip Code |
| 2 | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 3 | | $20,719.88 | Redacted | Redacted | Redacted | The current creditor, as the assignee to whom this debt is owed, is Palisades Acquisition XVI, LLC. | NJ | 210 SYLVAN AVENUE | ENGLEWOOD CLIFF | 07632 |
| 4 | | Redacted | | | | Redacted | Redacted | Redacted | Redacted | Redacted |
| 5 | | Redacted | | | | Redacted | Redacted | Redacted | Redacted | Redacted |
| 6 | | Redacted | | | | Redacted | Redacted | Redacted | Redacted | Redacted |
| 7 | | Redacted | | | | Redacted | Redacted | Redacted | Redacted | Redacted |
| 8 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 9 | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 10 | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 11 | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 12 | | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| 13 | Redacted | Redacted | | | | Redacted | Redacted | Redacted | Redacted | Redacted |
| 14 | | Redacted | Redacted | Redacted | | Redacted | Redacted | Redacted | Redacted | Redacted |
| 15 | Redacted | Redacted | | | | Redacted | Redacted | Redacted | Redacted | Redacted |