# **<u>APPENDIX J</u>**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. CIESNIEWSKI, DARRYL NORMAN, on behalf of themselves and on behalf of all persons similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ARIES CAPITAL PARTNERS, INC., doing business as ARIES DATA COLLECTIONS; ASTA FUNDING, INC., PALISADES COLLECTION, LLC, PALISADES ACQUISITION XVI, LLC; PARKER L. MOSS; and PARKER L. MOSS, P.C.;<br><br>Defendants. | CASE NO: 1:16-cv-00817-WTL-TAB |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST DISCOVERY REQUESTS

To:    Plaintiffs James A. Ciesniewski and Darryl Norman and their attorneys, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner and Michelle A. Alyea, Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603

Defendants Asta Funding, Inc., Palisades Collection, LLC, and Palisades Acquisition

XVI, LLC (collectively, "the Palisades Defendants"), as and for their responses to Plaintiffs' First

Discovery Requests ("Plaintiffs' Discovery Requests"), state and allege as follows:

### PRELIMINARY STATEMENT

As to each and every request contained in Plaintiffs' Discovery Requests, the Palisades

Defendants state the following:

1.    These responses are based upon information presently known by the Palisades

Defendants.  It is anticipated that further discovery, investigation, legal research and analysis will

supply additional factual conclusions and legal contentions.  The Palisades Defendants reserve

3570146v1

the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these responses as warranted thereby.  These responses are made in a good faith effort to supply as much information and specification as is presently known, but shall not prejudice the Palisades Defendants in relation to further discovery, research, or analysis.

2.      Each response herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

3.      No incidental or implied admissions are intended by the responses made herein. The fact that Defendants have answered or objected to any document request is not an admission that Defendants admit the existence of any "facts" set forth or assumed by such request.

4.      The absence of an objection that a request is irrelevant is not intended to be a waiver of that objection and the Palisades Defendants reserve the right to object on relevancy grounds at any stage of these proceedings.

## GENERAL OBJECTIONS

1.      The Palisades Defendants object to all requests that attempt to require the Palisades Defendants to provide information not within their possession, custody, or control, or within the possession, custody, or control of any of their representatives, employees, agents, or attorneys.

2.      The Palisades Defendants have based their responses upon the assumption that Plaintiffs did not intend to seek information protected against discovery by the attorney-client privilege or the attorney work product doctrine.  To the extent any request or any part thereof is

2

intended to elicit such information, the Palisades Defendants object thereto and assert the protection and privileges provided thereby to the fullest extent.

3.    The Palisades Defendants object to Plaintiffs' requests which attempt to require the Palisades Defendants to identify "each and every" fact, conversation, agreement, person, or any other things, and "all" persons with knowledge and documents, on the grounds that such requests are unduly burdensome, oppressive, and overbroad.

4.    The Palisades Defendants object to these requests to the extent they utilize the word "identify" in such a manner as to render the request unduly burdensome, oppressive, and overbroad.

5.    The Palisades Defendants object to these requests on the grounds that they are unduly burdensome and oppressive to the extent they require the Palisades Defendants to state specific facts, documents, conversations, agreements, meetings, and personal knowledge upon which the Palisades Defendants base a denial of an abstract, vague, general and incomprehensible assertion by Plaintiffs. In many cases, it is difficult, if not impossible, to prove a negative or a nonexistence, particularly when the Palisades Defendants are given no specific facts to refute. Accordingly, the Palisades Defendants reserve their right to introduce any additional information when and if Plaintiffs make specific supported assertions.

6.    Defendants object to these requests to the extent that they call for information about which they are not in a position to respond.

7.    Referencing and expressly incorporating each of these general objections, the Palisades Defendants hereby respond and object as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

1.      There are at least 40 (a) natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after April 13, 2015 (e) where any representation was made that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company.

**RESPONSE NO. 1:  The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.**

2.      There are at least 40 (a) natural persons (b) against whom one of the Dead Companies obtained a judgment in Indiana (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after April 13, 2014 (e) where any representation was made that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company.

**RESPONSE NO. 2:  The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.**

3.      There are at least 40 (a) natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after April 13, 2010 (e)

4

where any representation was made that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company and (f) defendants obtained any money from the person.

**RESPONSE NO. 3:  The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.**

4.      Palisades Collection, LLC's net worth is more than $1,000,000.

**RESPONSE NO. 4:  Admit**.

5.      Palisades Collection, LLC's net worth is more than $10,000,000.

**RESPONSE NO. 5:  Deny**.

6.      Palisades Collection, LLC's net worth is more than $25,000,000.

**RESPONSE NO. 6:  Deny**

7.      Palisades Collection, LLC's net worth is more than $50,000,000.

**RESPONSE NO. 7:  Deny**.

8.      Palisades Acquisition XVI, LLC's net worth is more than $1,000,000.

**RESPONSE NO. 8:   Defendant Asta Funding, Inc. files consolidated financials. Information germane to Defendant Asta Funding's net worth is set forth below.**

9.      Palisades Acquisition XVI, LLC's net worth is more than $10,000,000.

**RESPONSE NO. 9:   Defendant Asta Funding, Inc. files consolidated financials. Information germane to Defendant Asta Funding's net worth is set forth below.**

10.      Palisades Acquisition XVI, LLC's net worth is more than $25,000,000.

**RESPONSE NO. 10: Defendant Asta Funding, Inc. files consolidated financials. Information germane to Defendant Asta Funding's net worth is set forth below.**

11.      Palisades Acquisition XVI, LLC's net worth is more than $50,000,000.

3570146v1

**RESPONSE NO. 11:**   Defendant Asta Funding, Inc. files consolidated financials.

Information germane to Defendant Asta Funding's net worth is set forth below.

12.     Asta Funding, Inc.'s net worth is more than $1,000,000.

**RESPONSE NO. 12: Admit.**

13.     Asta Funding, Inc.'s net worth is more than $10,000,000.

**RESPONSE NO. 13: Admit.**

14.     Asta Funding, Inc.'s net worth is more than $25,000,000.

**RESPONSE NO. 14: Admit.**

15.     Asta Funding, Inc.'s net worth is more than $50,000,000.

**RESPONSE NO. 15: Admit.**

16.     Aries Capital Partners, Inc.'s net worth is more than $1,000,000.

**RESPONSE NO. 16:**   The Palisades Defendants lack sufficient information and
knowledge to admit or deny this request.

17.     Aries Capital Partners, Inc.'s net worth is more than $10,000,000.

**RESPONSE NO. 17:**   The Palisades Defendants lack sufficient information and
knowledge to admit or deny this request.

18.     Aries Capital Partners, Inc.'s net worth is more than $25,000,000.

**RESPONSE NO. 18:**   The Palisades Defendants lack sufficient information and
knowledge to admit or deny this request.

19.     Aries Capital Partners, Inc.'s net worth is more than $50,000,000.

**RESPONSE NO. 19:**   The Palisades Defendants lack sufficient information and
knowledge to admit or deny this request.

20.     Parker L. Moss, P.C.'s net worth is more than $1,000,000.

**RESPONSE NO. 20**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

21.    Parker L. Moss, P.C.'s net worth is more than $10,000,000.

**RESPONSE NO. 21**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

22.    Parker L. Moss, P.C.'s net worth is more than $25,000,000.

**RESPONSE NO. 22**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

23.    Parker L. Moss, P.C.'s net worth is more than $50,000,000.

**RESPONSE NO. 23**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

24.    Parker L. Moss's net worth is more than $1,000,000.

**RESPONSE NO. 24**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

25.    Parker L. Moss's net worth is more than $10,000,000.

**RESPONSE NO. 25**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

26.    Parker L. Moss's net worth is more than $25,000,000.

**RESPONSE NO. 26**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

27.    Parker L. Moss's net worth is more than $50,000,000.

**RESPONSE NO. 27**:   The Palisades Defendants lack sufficient information and knowledge to admit or deny this request.

## ANSWERS TO INTERROGATORIES

1.      Identify each person involved in answering these Interrogatories and the information supplied by each.

**ANSWER NO. 1:  Seth Berman, General Counsel and Chief Compliance Officer, Palisades Collection, LLC1, 210 Sylvan Ave., Suite 1, Englewood Cliffs, New Jersey 07632.**

2.      State the name, address, title and job description of each defendant or person within any defendant entity or any of its affiliates who was involved on or after April 13, 2010 in authorizing or approving the filing of the lawsuits or in authorizing any actions taken within such lawsuits (including initiating proceedings supplemental, domesticating sister state judgments, renewing or extending the life of judgments or any other post-judgment action) against plaintiffs or any natural persons where the record reflected that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company.

**ANSWER NO. 2:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that they lack sufficient information and knowledge to respond to Interrogatory No. 2.**

3.      State the name, address, title and job description of each agent or employee of any of the defendants who is knowledgeable regarding plaintiffs' alleged debt and/or judgment debt against them.

**ANSWER NO. 3:**

---

1 Mr. Berman holds the same title for Defendants Asta Funding, Inc., and Palisades Acquisition XVI, LLC.

8

**a.      Seth Berman, General Counsel and Chief Compliance Officer.  Mr. Berman has historical knowledge regarding the acquisition and assignment of the portfolio containing the judgment debt in question.**

**b.      David Cavill, Director of Business Intelligence.  Mr. Cavill has knowledge and familiarity with the Palisades Defendants' business records.**

4.      State the names, address, title, and job description of internal personnel of Asta, Palisades XVI, or Palisades Collection who are or were responsible for setting up the database used to keep track of the account purchased from the Dead Companies.

**ANSWER NO. 4:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that their internal information technology department used their existing database and software to manage the portfolio in question.**

5.      Identify any Information Technology contractors used to set up or maintain the database used to keep track of the accounts purchased from the Dead Companies for Asta, Palisades XVI, or Palisades Collection.

**ANSWER NO. 5:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that Shaun Neal of New World Solutions was an IT contractor involved in the maintenance of the database used to manage the portfolio in question.**

6.      Identify all purchase agreements and any other documents showing transfer of plaintiffs' alleged debt from the originator through the present owner.

**ANSWER NO. 6:** **Subject to and without waiving the foregoing General Objections, the Palisades Defendants refer Plaintiff to their responses to the Plaintiff's First Set of Requests for Production of Documents.**

7.    Identify all accounting records relating to plaintiffs' alleged debt from the time of origination through the present.

**ANSWER NO. 7:** **Subject to and without waiving the foregoing General Objections, the Palisades Defendants refer Plaintiff to their responses to the Plaintiff's First Set of Requests for Production of Documents.**

8.    Identify all contracts and/or engagement letters between any defendant and any other defendant related to the collection of plaintiffs' alleged debts.

**ANSWER NO. 8:** **Subject to and without waiving the foregoing General Objections, the Palisades Defendants refer Plaintiff to their responses to the Plaintiff's First Set of Requests for Production of Documents.**

9.    Identify all entities, including debt collection agencies, law firms, and attorneys, with which Asta has or had agreements to assist in collecting judgments debts purchased by Asta from the Dead Companies.  Include all law firms, lawyers, or other agents or intermediaries whose participation was secured by Aries.

**ANSWER NO. 9:** **Subject to and without waiving the foregoing general objections, Defendants further object to Interrogatory No. 9 as overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

10

3570146v1

10.     Identify all judgment debts purchased by Asta from the Dead Companies. For each, identify:

     a.     The name of the Dead Company from which the debt was purchased;

     b.     The court in which the judgment was entered;

     c.     The case number;

     d.     The case name at the time the judgment was entered;

     e.     The current case name;

     f.     The date the judgment was entered;

     g.     The name of any entity with which Asta has or has had an agreement to collect the debt;

     h.     The name of any law firm or attorney involved in any post-judgment collection activity, including domesticating sister state judgments and renewing or extending the lives of judgment;

     i.     The current status of the debt;

     j.     Whether a garnishment order has been sought, and if so, when;

     k.     Whether any defendant received notice that the borrower filed for bankruptcy, and if so, when;

     l.     Any amounts collected on the debt by defendants.

**ANSWER NO. 10:  Subject to and without waiving the foregoing general objections, Defendants further object to Interrogatory No. 10 as overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

3570146v1

11.      Identify each account for which Asta or an entity on Asta's behalf sought to renew or extend a judgment.

**ANSWER NO. 11:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants object to Interrogatory No. 11 on the grounds that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

12.      Identify each account for which Asta or an entity on Asta's behalf sought to domesticate a judgment in another state.

**ANSWER NO. 12:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants object to Interrogatory No. 12 on the grounds that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

13.      Identify any litigation involving the accounts purchased by Asta from the Dead Companies in which Palisades Acquisition XVI LLC or Palisades Collection LLC are NOT in the case caption.

**ANSWER NO. 13:  Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 13 as overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.  The Palisades Defendants further state that any litigation against them is a matter of public record, and readily accessible to Plaintiff.**

14.     Identify any debts that have been sold to a third party since having been purchased by Asta from the dead companies. Include accounts that were assigned to law firms or attorneys for collection by the law firm or attorneys as the assignee of the account.

**ANSWER NO. 14:  Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 14 as vague, overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

15.     Identify any debts that were repurchased from Asta by a Dead Company pursuant to paragraphs 8.1 or 8.2 of the purchase and sale agreement of February 2007.

**ANSWER NO. 15:  Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 15 as overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

16.     State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable.

**ANSWER NO. 16:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that, yes, information regarding accounts is retrievable by computer, and searchable by several identifiers including but not limited to name and account number.**

17.     State the number, name, and address for all (a) natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the defendants herein (including

13

domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after April 13, 2015 (e) where the record reflected that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company and (f) defendants obtained any money from the person. Please produce this information in Microsoft Excel or a similar format, if possible.

**ANSWER NO. 17:  Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 17 as vague, overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

18.    State the number, name, and address for all (a) natural persons (b) against whom one of the Dead Companies obtained a judgment in Indiana (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) between April 13, 2014 and April 12, 2015 (e) where the record reflected that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company and (f) defendants obtained any money from the person. Please produce this information in Microsoft Excel or a similar format, if possible.

**ANSWER NO. 18:  Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 18 as vague, overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

19.    State the number, name, and address for all (a) natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly,

14

to collection activities on such judgment by any of the defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) between April 13, 2010 and April 12, 2013 (e) where the record reflected that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company and (f) defendants obtained any money from the person. Please produce this information in Microsoft Excel or a similar format, if possible.

**ANSWER NO. 19**:  **Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 19 as vague, overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

20.     State the net worth of each defendant and whether their financial statements are audited. If defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by defendants in the last 3 years.

**ANSWER NO. 20**:  **Subject to and without waiving the foregoing General Objections, Defendants further object to Interrogatory No. 20 as overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.  The Palisades Defendants also state that information relevant to their collective net worth has been disclosed elsewhere in response to Plaintiff's written discovery requests.**

21.     If you claim that any violation alleged in the complaint was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error, explain the basis for that claim. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

15

3570146v1

**ANSWER NO. 21**:  The Palisades Defendants object to Interrogatory No. 21 to the extent that it seeks the impressions of counsel.  Subject to and without waiving this or the foregoing General Objections, the Palisades Defendants refer Plaintiffs to their responses to Plaintiff's other requests.

22.     With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**ANSWER NO. 22**:  Subject to and without waiving the foregoing general objections, the Palisades Defendants state that they have not yet identified all witnesses and that, when they do, such information shall be disclosed to Plaintiffs in accordance with the Federal Rules of Civil Procedure and any orders of the Court governing such disclosure. Defendant further states that it may call as witnesses the Plaintiff, representatives of their co-defendants, and individuals identified by other parties as having information germane to Plaintiff's claims.

23.     Identify any other entity that served a role similar to Aries in obtaining the services of lawyers or law firms for purposes of collecting the dead company accounts.

**ANSWER NO. 23**:  Subject to and without waiving the foregoing general objections, Defendants further object to Interrogatory No. 23 as vague, overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.

16

3570146v1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents transmitted to plaintiffs by defendants with respect to the alleged debts of plaintiffs and/or any court proceedings against them in Marion County, Indiana.

**RESPONSE NO. 1:  Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

2.      All documents relating to plaintiffs, or which are indexed, filed or retrievable under plaintiffs' names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiffs.

**RESPONSE NO. 2:  Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

3.      All of defendants' account notes having to do with plaintiffs.

**RESPONSE NO. 3:  Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

4.      The Purchase and Sale Agreement of February 5, 2007, including all exhibits, between Palisades Acquisition XV, LLC and Great Seneca Financial Corporation, Platinum Financial Services Corporation, Monarch Capital Corporation, Colonial Credit Corporation, Centurion Capital Corporation, Sage Financial Corporation, and Hawker Financial Corporation.

**RESPONSE NO. 4:  Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

3570146v1

5.      All other purchase agreements, including all exhibits, and any other documents that purport to show transfer of plaintiffs' alleged debt from the originator through the present owner.

**RESPONSE NO. 5:  Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

6.      The "Diligence File" referred to in the Purchase and Sale Agreement of February 5, 2007.

**RESPONSE NO. 6:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 6 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

7.      The "Cutoff file" referred to in the Purchase and Sale Agreement of February 5, 2007.

**RESPONSE NO. 7:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 7 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

8.      The Asset Schedule attached to the Purchase and Sale Agreement of February 5, 2007 as Exhibit 1.

**RESPONSE NO. 8:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 8 on the grounds that it**

is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.

9.      The Bill of Sale delivered at the same time of payment under the terms of the Purchase and Sale Agreement of February 5, 2007.

**RESPONSE NO. 9**:  **Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

10.      The "Closing Tape" referenced in the Purchase and Sale Agreement of February 5, 2007.

**RESPONSE NO. 10**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 10 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

11.      The powers of attorneys delivered by the sellers pursuant to the Purchase and Sale Agreement of February 5, 2007.

**RESPONSE NO. 11**:  **Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

12.      All records of payments received by buyers from sellers pursuant to paragraph 2.4 of the Purchase and Sale Agreement of February 5, 2007.

**RESPONSE NO. 12**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 12 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

3570146v1

13.     All accounting records relating to plaintiffs' alleged debts from the time of origination through the present.

**RESPONSE NO. 13**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that discovery is ongoing, and will supplement this response as appropriate.**

14.     All documents containing aggregate or statistical information about amounts paid or collected on debts purchased by Asta from the Dead Companies.

**RESPONSE NO. 14**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that discovery is ongoing, and will supplement this response as appropriate.**

15.     All sales contracts, assignments, and affidavits relating to any debts that have been sold to a third party after having been purchased by Asta from the Dead Companies, including any assigned to law firms or attorneys for collection by the law firm or attorney as assignee of the account.

**RESPONSE NO. 15**:  **Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

16.     All agreements between Asta and Aries relating to the collection of the judgment debts.

**RESPONSE NO. 16**:  **Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

17.     All contracts and/or engagement letters between any defendant and any other defendant related to the collection of plaintiffs' alleged debts.

3570146v1

**RESPONSE NO. 17**: **Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

18.     All instructions and/or other documents provided by Aries to any law firms hired to handle the collection of plaintiffs' debts, including any pleadings provided by Aries to those law firms and any placement memoranda or other instruction sheet to collectors regarding collection of batches of accounts.

**RESPONSE NO. 18**: **Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that they do not have in their possession documents responsive to Request No. 18.**

19.     All accountings, reports, and/or financial metrics provided by Aries to Asta.

**RESPONSE NO. 19**: **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 19 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit. Notwithstanding their objections, the Palisades Defendants state that discovery is ongoing with respect to responsive documents related to the debt in question, and they will supplement this response as appropriate.**

20.     Any sales proposals made by Aries to obtain the business from Asta.

**RESPONSE NO. 20**: **Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that they do not have in their possession documents responsive to Request No. 20.**

21.     All communications between Asta and Aries relating to the collection of the judgment debts.

21

3570146v1

**RESPONSE NO. 21**:  **Subject to and without waiving the foregoing General Objections, responsive documents are produced herewith.**

22.     All communications between one or more defendant and one or more of the Dead Companies relating to the use of the Dead Company's name.

**RESPONSE NO. 22**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that they do not have in their possession documents responsive to Request No. 22.**

23.     All communication between each defendant and any Dead Company since the date of the Dead Company's dissolution. This would include instructions on endorsing and depositing payment checks.

**RESPONSE NO. 23**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 23 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit. Notwithstanding their objections, the Palisades Defendants state while they do not believe they have any documents responsive to Request No. 23, discovery is ongoing, and the Palisades Defendants will supplement this response as appropriate.**

24.     All communication between Asta and Bank of Montreal regarding description of collateral, issues regarding collectability, estimates of collectability, and post-loan communications discussing issues and problems relating to collectability of the accounts.

**RESPONSE NO. 24**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 24 on the grounds that**

22

it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.

25.     A copy of all contracts with any Information Technology contractors used to set up or maintain the database used to keep track of the accounts purchased from the Dead Companies.

**RESPONSE NO. 25**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants state that, apart from a general information services contract with New World Solutions, which it believes Plaintiff has in his possession, it has no documents responsive to Request No. 25.**

26.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to collection of debts.

**RESPONSE NO. 26**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants object to Request No. 26 on the grounds that it is duplicative of other requests, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

27.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, filing lawsuits on debts.

**RESPONSE NO. 27**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 27 on the grounds that**

it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.

28.     All documents (irrespective of date) that discuss or relate to defendants' compliance or lack of compliance with the FDCPA through filing lawsuits on debts.

**RESPONSE NO. 28:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 28 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.  The Palisades Defendants further object to Request No. 28 on the grounds that lawsuits filed against the Palisades Defendants are a matter of public record and readily accessible to Plaintiff.**

29.     All consent decrees and correspondence from regulators regarding the collection of accounts purchased from the Dead Companies.

**RESPONSE NO. 29:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 28 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

30.     All complaint or dispute letters or similar correspondence, including email, that you have received from consumers regarding the accounts purchased from the Dead Companies, including but not limited to letters complaining amounts paid were not credited, the incorrect person was sued or collected upon, identity theft, paid account without judgment being satisfied, and lack of service of process. Include all complaints received and responded to indirectly through complaint agencies or regulators

24

**RESPONSE NO. 30:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 28 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

31.    All organizational charts of defendants.

**RESPONSE NO. 31:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants refer Plaintiff to their responses to the Plaintiff's First Set of Requests for Production of Documents.**

32.    All documents setting forth defendants' document destruction and retention policies.

**RESPONSE NO. 32:  Subject to and without waiving the foregoing General Objection, the Palisades Defendants object to Request No. 32 on the grounds that it requests documents protected by the attorney-client privilege and work product doctrine.**

33.    Defendants' annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE NO. 33:  Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 33 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.  Further, Defendant Asta Funding, Inc. states that its annual and quarterly SEC filings are a matter of public record and accessible to the Plaintiff.**

3570146v1

34.     All credit applications or financial statements defendants issued within the last 3 years.

**RESPONSE NO. 34**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 34 on the grounds that it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

35.     All proposals and bids defendants submitted to governmental agencies which describe defendants' business.

**RESPONSE NO. 35**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 35 on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.**

36.     The complete file, including but not limited to computer information, for all (a) natural persons (b) against whom one of the Dead Companies obtained a judgment (c) who were subjected, directly or indirectly, to collection activities on such judgment by any of the defendants herein (including domesticating sister state judgments and renewing or extending the life of judgments) (d) on or after April 13, 2010 (e) where the record reflected that the judgment was still owned by the Dead Company or that the attorneys conducting the collection activities represented the Dead Company and (f) defendants obtained any money from the person. Please produce this information in Microsoft Excel or a similar format, if possible.

**RESPONSE NO. 36**:  **Subject to and without waiving the foregoing General Objections, the Palisades Defendants further object to Request No. 36 on the grounds that**

3570146v1

it is unclear, overbroad, calls for legal conclusions, and is not reasonably calculated to lead to the discovery of admissible evidence in the instant lawsuit.

3570146v1

AS TO INTERROGATORIES:

ASTA FUNDING, INC.

By _____

Its General Counsel and Chief Compliance
Officer

Subscribed and sworn to before me
this 17th day of December , 2018

Notary Public

ROSEMARIE H ASHMAN
Commission # 2292942
Notary Public, State of New Jersey
My Commission Expires
October 15, 2022

PALISADES COLLECTION, LLC

By _____

Its General Counsel and Chief Compliance
Officer

Subscribed and sworn to before me
this 17th day of December, 2018

Notary Public

ROSEMARIE H ASHMAN
Commission # 2292942
Notary Public, State of New Jersey
My Commission Expires
October 15, 2022

PALISADES ACQUISITION XVI, LLC

By _____

Its General Counsel and Chief Compliance
Officer

Subscribed and sworn to before me
this 17th day of December, 2018

Notary Public

ROSEMARIE H ASHMAN
Commission # 2292942
Notary Public, State of New Jersey
My Commission Expires
October 15, 2022

28

AS TO OBJECTIONS:

Dated:  December 17, 2018

MOSS & BARNETT

By: /s/ John P. Boyle
   John P. Boyle (MN Bar #186946)
   Michael S. Poncin (MN Bar #296417)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone:  (612) 877-5000
Fax:  (612) 877-5999
E-Mail:  John.Boyle@lawmoss.com
       Mike.Poncin@lawmoss.com
**Attorneys for Asta Funding, Inc., Palisades
Collection, LLC, and Palisades Acquisition
XVI, LLC**

## CERTIFICATE OF SERVICE

    I, John P. Boyle, certify that on December 17, 2018, a copy of the foregoing has been served via e-mail and U.S. Mail, postage prepaid, to the following:

Daniel A. Edelman, Esq.
Cathleen M. Combs, Esq.
James O. Latturner, Esq.
Michelle A. Alyea, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603

Steven R. Hofer, Esq.
Consumer Law Office of Steve Hofer
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240

Peter A. Velde, Esq.
Kightlinger & Gray, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204

Keith R. Hagan, Esq.
Hagan and White, LLP
201 N. Illinois Street, Floor 16
Indianapolis, IN 46204

Daniel L. Polsby, Esq.
Paige M. Neel, Esq.
Clausen Miller P.C.
10 S. LaSalle Street
Chicago, IL 60603-1098

      /s/ John P. Boyle
      John P. Boyle

29

3570146v1