UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES A. CIESNIEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00817-JPH-TAB |
| | ) | |
| ARIES CAPITAL PARTNERS, INC. | ) | |
| d/b/a ARIES DATA COLLECTIONS, | ) | |
| PARKER L. MOSS, | ) | |
| PARKER L. MOSS, P.C., | ) | |
| ASTA FUNDING, INC., | ) | |
| PALISADES COLLECTION, LLC, | ) | |
| PALISADES ACQUISITION XVI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

After James Ciesniewski fell behind on his credit card payments, his creditor won a state-court judgment against him. Nearly a decade later, attorney Parker Moss appeared in the state court case and filed a motion for proceedings supplemental to satisfy the judgment. Mr. Ciesniewski alleges that those state-court filings contained misleading statements that violated the Fair Debt Collection Practices Act ("FDCPA"). Defendants have moved for summary judgment. Mr. Ciesniewski has not designated evidence that these filings were directed to him, so Defendants' motions for summary judgment are **GRANTED** on the FDCPA claims. Mr. Ciesniewski's motion for summary judgment is **DENIED**. The Court declines to exercise jurisdiction over the remaining state-law claims, which are dismissed without prejudice.

1

# I.
# Facts and Background

Because Defendants have moved for summary judgment, the Court views and recites the evidence in the light most favorable to Mr. Ciesniewski and draws all reasonable inferences in his favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). Since Mr. Ciesniewski has also moved for summary judgment, the Court would normally interpret the evidence in a light most favorable to Defendants when considering his motion. *See Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). That's not necessary here, however, because even when all evidence is interpreted in Mr. Ciesniewski's favor, Defendants are entitled to summary judgment.

In the early 2000s, Mr. Ciesniewski owed more than $12,000 in credit-card debt. Dkt. 165-1 at 26:12–27:15. Eventually, this debt was assigned to Centurion Capital Corporation, which sued to collect the debt in state court. Dkt. 165-24. In 2006, Centurion won a summary judgment for $12,655.19 plus interest (the "Judgment"). Dkt. 165-25.

In March 2007, Centurion sold some of its judgments to Palisades Acquisition XV. Dkt. 165-13. Defendants argue that this sale included the Judgment against Mr. Ciesniewski, dkt. 159-15, ¶ 13, while Mr. Ciesniewski argues that "the assignment from Centurion to Palisades never actually occurred," dkt. 208 at 8. Palisades Acquisition XV then passed the Judgment on to Palisades Acquisition XVI. Dkt. 159-15, ¶ 18. Palisades Acquisition XVI then gave the Judgment to Palisades Collection for collection. Dkt. 159-16, ¶

5. Palisades Acquisition XVI and Palisades Collection are both owned by Asta Funding, Inc.  Dkt. 43, ¶ 26; dkt. 67, ¶ 26.

In 2009, Palisades Collection signed an agreement with Aries Capital Partners, Inc. in which Aries agreed to help Palisades Collection collect on its judgments.  Dkt. 165-10.  Palisades Collection then placed the Judgment for collection with Aries.  Dkt. 159-16, ¶ 6.

In 2010, Aries entered into a Collection Service Agreement with Parker L. Moss, P.C. in which Aries agreed to place accounts for collection with Parker Moss, P.C.  Dkt. 159-17 at 13:5–17:2.  On October 14, 2014, Parker Moss, an attorney and the president of Parker L. Moss, P.C., received a request from Aries to try to collect the Judgment from Mr. Ciesniewski.  Dkt. 156-3, ¶¶ 3–6.

Two days later, Mr. Moss sent Mr. Ciesniewski a letter stating that Mr. Moss had "been retained by Centurion Capital Corp" to recover Mr. Ciesniewski's debt and seeking a payment of $33,789.74.  Dkt. 159-4.  When he did not receive a payment, Mr. Moss filed an appearance on behalf of Centurion in the state court that granted the Judgment.  Dkt. 156-3, ¶ 13; dkt. 159-10.  That same day, Mr. Moss filed a motion for proceedings supplemental, asking the court to issue an order requiring Mr. Ciesniewski to appear for a hearing or to answer interrogatories to determine if his wages or assets should be garnished to satisfy the Judgment.  Dkt. 159-9. The court granted this motion, dkt. 159-11, but the hearing never happened because the court dismissed the proceedings supplemental.  Dkt. 159-13.

In 2016, Mr. Ciesniewski brought this lawsuit alleging that Mr. Moss did not have proof that the Judgment had been validly assigned. Dkt. 43, ¶ 51. Mr. Ciesniewski now pursues four counts against Defendants:

1. Violating the FDCPA by attempting to collect debts in the name of a "dead company" (Count 1);
2. Violating the FDCPA by falsely representing the amount owed (Count 2);
3. Violating the Indiana Deceptive Consumer Sales Act (Count 3);[1] and
4. Abuse of Process (Count 4).

Dkt. 43; dkt. 76.

Mr. Ciesniewski moved for summary judgment on his FDCPA claims, dkt. 163, and for class certification of his claims, dkt. 148. The Defendants also moved for summary judgment. Dkt. 156; dkt. 159; dkt. 173.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In ruling on a motion for summary judgment, the Court views the evidence "in the

---

[1] Mr. Ciesniewski does not bring this claim against Parker Moss or Parker Moss P.C.

4

light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

### III.
### Analysis

**A. Mr. Ciesniewski's FDCPA claim**

Mr. Ciesniewski alleges that Defendants violated section 1692e of the FDCPA when Mr. Moss filed his appearance and the motion for proceedings supplemental (the "State-Court Filings") because he incorrectly stated he was acting on behalf of Centurion and he misstated the amount owed. Dkt. 43 ¶¶ 72–88; dkt. 189 at 30, 41; dkt. 208 at 2–3, 5. Defendants argue that section 1692e does not extend to the State-Court Filings because the filings were directed towards the judge, not Mr. Ciesniewski. Dkt. 215; dkt. 216; dkt. 217. Mr. Ciesniewski argues that section 1692e extends to the State-Court Filings because the filings were directed at him and had the possibility of affecting him. Dkt. 214.

The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e. While on its face this statute appears to apply to all misleading statements regardless of their intended audience, "[t]here must be a limiting principle." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). Therefore, "in light of the Act's purpose and numerous provisions," the Seventh Circuit held that section 1692e's "prohibitions are clearly limited to communications directed to the consumer." *Id.* at 941.

In *O'Rourke*, a creditor modified a credit card statement in an exhibit attached to a state-court filing. *Id.* at 939. The debtor alleged that the creditor violated the FDCPA because the statement was misleading and designed to trick the judge into entering a judgment in its favor. *Id.* The court rejected this argument, holding that section 1692e "does not extend to communications that would confuse or mislead a state court judge." *Id.* at 944. Rather, section 1692e extends only to "communications directed at consumers" or anyone who has a special relationship with a consumer such as a consumer's attorney. *Id.* at 943–44.

Several years later, the Seventh Circuit held that "representations may violate section 1692e of the FDCPA even if made in court filings in litigation." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). In *Marquez*, a debtor alleged that a complaint filed in state court was misleading and therefore violated the FDCPA. 836 F.3d 808, 809–10 (7th Cir. 2016). The allegedly misleading statement was directed at the debtor, saying "[d]efendants are informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof." *Id.* at 810. The court held that section 1692e extended to the filing. *Id.* at 812.

*Marquez* did not overrule *O'Rourke* or alter its holding—that section 1692e does not extend to communications that would confuse or mislead a state court judge but is limited to communications directed at consumers. The

6

statement at issue in *Marquez* was directed at the debtor even though it was contained in a state-court legal filing. *Id.* at 810. And after *Marquez*, courts have continued to apply *O'Rourke* holding that communications directed at judges—and not at consumers—do not violate section 1692(e). *See, e.g., Cook v. H.S.B.C. Bank USA, N.A.*, No. 17-CV-00059, 22018 WL 1377906, at *5 (N.D. Ill. Mar. 19, 2018) (holding that a state-court filing designed to persuade a judge did not violate the FDCPA); *Rohrbach v. Blitt & Gains, PC*, No. 16-cv-2137, 2017 WL 4910684, at *1, 4–5 (C.D. Ill. Aug. 16, 2017) (same).

*Cook v. H.S.B.C. Bank USA, N.A.* is instructive. In *Cook,* the plaintiff alleged that statements contained in state-court filings—including claims that the plaintiff could not be served because he was hiding, that he failed to timely respond to the foreclosure, and that a motion was untimely—violated section 1692e. 2018 WL 1377906, at *5. The court held that "these representations are not actionable under the FDCPA because they were made to a state court judge for the purpose of obtaining or preventing relief." *Id.* Citing *Marquez*, the court explained that "these FDCPA counts fail not because they were made in court papers, but because they were allegedly designed to dupe a state court judge into making rulings favorable to [the defendant], rather than being directed at [the plaintiff]." *Id.*

The same is true here. Even if the State-Court Filings were misleading, Mr. Moss's notice of appearance was not directed to Mr. Ciesniewski but was a procedural filing notifying the state court judge of Mr. Moss's appearance on behalf of the defendant and providing his mailing address. Dkt. 159-10.

7

Similarly, the Motion for Proceedings Supplemental was not directed to Mr. Ciesniewski but petitioned the court to take certain action on a judgment already obtained against Mr. Ciesniewski. Dkt. 159-9. Unlike the collection letter, these filings were neither directed to Mr. Ciesniewski nor did they ask him to do anything. *Compare* dkt. 159-9 (motion for proceedings supplemental) and dkt. 159-10 (notice of appearance), with dkt. 159-4 (collection letter). Even if the filings contained false information, that information was directed solely at the state-court judge to cause the judge to make rulings favorable to a creditor. *See Cook*, 2018 WL 1377906, at *5.[2]

Mr. Ciesniewski has not designated any evidence demonstrating that the State-Court Filings were directed to him. In fact, his complaint does not allege that he received or even saw these documents prior to filing his complaint, *see* dkt. 43, and he testified that those documents were never served on him, dkt. 167-1 at 41:10–42:8. After the Court requested additional briefing on this issue, dkt. 211, Mr. Ciesniewski did not explain how he became aware of the contents of these filings or why he believed they were directed to him, dkt. 214. Instead, he only vaguely asserted that the State-Court Filings "were directed to the consumer and had the possibility of affecting the consumer." *Id.* at 4. These conclusory statements are insufficient to show that these documents were directed to him.

---

[2] *Marquez* is further distinguishable because, unlike the State-Court Filings in this case, the problematic statement in *Marquez* was "improper in its entirety" and its only function was "to mislead." *Id.* at 814.

8

Mr. Ciesniewski suggests that *Marquez* effectively adopted the concurrence in *O'Rourke*. *Id.* But *Marquez* did not overrule *O'Rourke* and *Marquez*'s citation to the concurrence in *O'Rourke* was in the limited context of supporting its holding that violations of the FDCPA may be actionable even if they occur in state-court filings:

> In fact, although we have not previously addressed the question of whether pleadings fall within § 1692e of the FDCPA, we have already decided a number of FDCPA cases alleging FDCPA violations in state court filings (in which this issue was presumably not raised), thus illustrating that the dangers addressed in the FDCPA arise in the context of pleadings just as in other forms of communication. See *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 948 (7th Cir. 2011) (Tinder, J., concurring) and cases cited therein.

*Marquez*, 836 F.3d at 812. While misleading statements in state-court filings can violate the FDCPA, there is no conflict between *O'Rourke* and *Marquez*. *See Rohrbach*, 2017 WL 4910684; *Cook*, 2018 WL 1377906. As the court found in *Cook*, "[b]ecause the statements at issue were made for the purpose of persuading a judge and were not directed" to the consumer, this case is governed by *O'Rourke* and *Marquez* does not change that conclusion. *Cook*, 2018 WL 1377906, at *5.

In sum, Mr. Ciesniewski alleged that Defendants violated the FDCPA by filing a misleading notice of appearance and motion for proceedings supplemental. Dkt. 189 at 32. Viewing the evidence in the light most favorable to Mr. Ciesniewski and drawing all reasonable inferences in his favor, these documents were directed to a judge and not to Mr. Ciesniewski. Mr. Ciesniewski has not designated any evidence that he received, saw, or read

9

these documents before filing this lawsuit. Accordingly, section 1692e of the FDCPA does not extend to the State-Court Filings in this case. Defendants' motions for summary judgment on Mr. Ciesniewski's FDCPA claim are **GRANTED**.

### B. Mr. Ciesniewski's State-Law Claims

Mr. Ciesniewski's remaining claims arise under Indiana law. Dkt. 43, ¶¶ 89–116. Asta Funding, Palisades Collection, and Palisades Acquisition ask the Court to decline to exercise supplemental jurisdiction over the state-law claims if the FDCPA claim is dismissed. Dkt. 174 at 20–21.

Under 28 U.S.C § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Although dismissal is left to the court's discretion, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012) (citing *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). This presumption "should not be lightly abandoned" because it is "based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* Nevertheless, retaining jurisdiction over state-law claims may be appropriate when: (1) the statute of limitations would bar the refiling of the supplemental claims in state court, (2) "substantial federal judicial resources have already been expended on the resolution of the supplemental claims," or

(3) "it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007).

Here, none of these factors warrant retaining jurisdiction over the state-law claims. First, Mr. Ciesniewski may refile the claims in state court because the statute of limitations is tolled while the claim is pending in federal court and for at least 30 days after dismissal. 28 U.S.C § 1367(d). Second, the state law claims have not been substantively addressed in any prior order or hearing, so few court resources have been expended in their adjudication. Finally, the parties' briefing on the state-law issues demonstrates that it is not obvious how they should be decided.

Because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). These claims are **DISMISSED without prejudice** so Mr. Ciesniewski can refile them in state court.

## IV.
## Conclusion

Defendants' motions for summary judgment are therefore **GRANTED** on Mr. Ciesniewski's FDCPA claims. Dkt. [156]; dkt. [159]; dkt. [173]. The motion for oral argument is **DENIED as moot**. Dkt. [206]. Mr. Ciesniewski's motion for summary judgment on FDCPA liability is **DENIED**. Dkt. [163].

The Court declines to exercise supplemental jurisdiction over Mr. Ciesniewski's state-law claims, so they are **DISMISSED without prejudice**. Since no claims remain in this case, Mr. Ciesniewski's motion for class

certification is **DENIED as moot**. Dkt. [148]. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 3/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michelle Anne Alyea
EDELMAN COMBS LATTURNER GOODWIN
malyea@edcombs.com

John P. Boyle
MOSS & BARNETT, P.A.
john.boyle@lawmoss.com

Daniel R. Bryer
CLAUSEN MILLER PC
dbryer@clausen.com

Mary Frances Charlton
EDELMAN COMBS LATTURNER GOODWIN
mfcharlton@edcombs.com

Cathleen Maria Combs
EDELMAN COMBS LATTURNER GOODWIN
ccombs@edcombs.com

Sarah E. Doerr
MOSS & BARNETT, A PROFESSIONAL ASSOCIATION
sarah.doerr@lawmoss.com

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
courtecl@edcombs.com

Keith R. Hagan
HAGAN AND WHITE LLP
keith@hlocl.com

Steven R. Hofer
CONSUMER LAW OFFICE OF STEVE HOFER
hoferlawindy@gmail.com

Matthew P. Kostolnik
MOSS & BARNETT
matt.kostolnik@lawmoss.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Paige Moray Neel
CLAUSEN MILLER P.C.
pneel@clausen.com

Daniel L. Polsby
CLAUSEN MILLER PC
dpolsby@clausen.com

Michael S. Poncin
MOSS & BARNETT
mike.poncin@lawmoss.com

Mark McConnell Riffle
KIGHTLINGER & GRAY, LLP
mriffle@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com