UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES A. CIESNIEWSKI, <br> DARYL NORMAN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 1:16-cv-00817-JPH-TAB |
| ARIES CAPITAL PARTNERS, INC. <br>    d/b/a ARIES DATA COLLECTIONS, <br> PARKER L. MOSS, <br> PARKER L. MOSS, P.C., <br> JOHN DOE COMPANY, <br> ASTA FUNDING, INC., <br> PALISADES COLLECTION, LLC, <br> PALISADES AQUISITION XVI, LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

After Plaintiff James Ciesniewski fell behind on his credit card payments, his creditor won a state-court judgment against him. In April 2016, Mr. Ciesniewski sued several defendants based on their attempts to collect this debt, bringing a claim under the Fair Debt Collection Practices Act ("FDCPA") and related state-law claims. *See* dkt. 1.

On March 27, 2020, the Court granted Defendants summary judgment on the FDCPA claim, dismissed the related state-law claims, and issued final judgment in favor of Defendants. *See* dkt. 218; dkt. 219.

Mr. Ciesniewski has filed a motion for reconsideration under Fed. R. Civ. P. 59(e). Dkt. [220]. Because Mr. Ciesniewski has not demonstrated any

1

manifest error of law or fact in the summary judgment order, his motion is **DENIED**.

## I.
## Facts and Background

In the early 2000s, Mr. Ciesniewski owed more than $12,000 in credit-card debt. Dkt. 165-1 at 9 (Ciesniewski Dep. 26:12–27:21). By July 2006, Centurion Capital Corporation owned this outstanding debt and sued to collect it from Mr. Ciesniewski in state court. Dkt. 165-24. Four months later—in November 2006—the state court granted Centurion summary judgment and ordered Mr. Ciesniewski to pay $12,655.19 plus interest ("the Judgment"). Dkt. 165-25.

In February 2007, Centurion sold the Judgment within a multibillion-dollar sale of credit-card accounts receivable to Palisades Acquisition XV, LLC. Dkt. 165-13 at 2 ¶ 1.2, 3 ¶ 2.1. The next month, Palisades XV sold some of these accounts receivable, including the Judgment, to Defendant Palisades Acquisition XVI, LLC. Dkt. 159-15 at 3 ¶ 18, 79, 85, 104. Palisades XVI then assigned the Judgment to Defendant Palisades Collection, LLC. Dkt. 159-16 at 1–2 ¶ 5. Defendant Asta Funding, Inc. owns 100 percent of both Palisades XVI and Palisades Collection. Dkt. 43 at 4 ¶ 26; dkt. 67 at 5 ¶ 26. Collectively, this order refers to these three parties as the "Palisades Defendants."

In 2009, Palisades Collection contracted with Defendant Aries Capital Partners, Inc. to service and collect Palisades' account receivables, including the Judgment. Dkt. 165-10 at 2; dkt. 159-16 at 2 ¶ 6.

In 2010, Aries emailed Defendant Parker Moss, an Indiana attorney, and asked if he could "handle debt that they were handling for other companies." Dkt. 159-17 at 4 (Moss Dep. 13:5–22). On December 10, 2010, Mr. Moss's law firm, Defendant Parker L. Moss, P.C. (collectively "Moss Defendants"), entered into an agreement with Aries to collect some of its accounts receivable, including the Judgment. *See id.* at 4 (14:19–16:5); dkt. 161; dkt. 182. Mr. Moss understood Aries to be "in the business of purchasing" "worthless" judgment debts, which it then ran through a "program . . . that would scrub them" to learn the employment status of debtors. Dkt. 159-17 at 5 (Moss Dep. 18:1–8). Aries then sent attorneys like Mr. Moss out to collect judgments against those employed debtors. *Id.* To do this, Aries would regularly send Mr. Moss spreadsheets with lists of debtors and their information for him to pursue collection. *Id.* at 4–5 (16:25–17:18).

On October 14, 2014, Aries asked Mr. Moss to try to collect $20,719.88 from Mr. Ciesniewski. Dkt. 156-3 at 2 ¶ 6; *see* dkt. 165-15 at 5. Aries had already calculated and incorporated interest in this request, which contradicted its typical practice. *See* dkt. 165-8 at 38–39 (Moss Dep. 36:8–37:25). Mr. Moss followed his normal practice of adding interest on top of the amount sent by Aries, reaching a calculation of $33,789.44 owed. *Id.*; dkt. 156-3 at 6. On October 16, 2014, Mr. Moss sent Mr. Ciesniewski a letter[1]

---

[1] It's uncontested that any misrepresentation in this letter fell outside the FDCPA's one-year statute of limitations. *See* dkt. 189 at 50; dkt. 174 at 10 (Br. 5); dkt. 225 at 6.

stating that he had "been retained by Centurion Capital Corp" and sought a payment of $33,789.74 allegedly owed by Mr. Ciesniewski. Dkt. 156-3 at 6.

By April 14, 2015, Mr. Moss had not received a response or payment from Mr. Ciesniewski, so he filed an appearance in state court on behalf of Centurion, *id.* at 2 ¶ 8; dkt. 159-10, and moved for supplemental proceedings (collectively "state filings"), dkt. 159-9. On April 24, 2015, the court ordered Mr. Ciesniewski to "appear personally" in court. Dkt. 159-11. However, on January 13, 2016, Mr. Moss consented to dismissal of the supplemental proceedings, which the state court granted. Dkt. 159-13.

In April 2016, Mr. Ciesniewski brought this action against Defendants alleging violations of the FDCPA and related state-law claims. Dkt. 1; dkt. 43 (amended complaint). On December 19, 2019, the Court ordered additional briefing on certain Seventh Circuit precedents important to this case's disposition, dkt. 211, which all parties fully briefed, dkt. 214; dkt. 215; dkt. 216; dkt. 217.

In March 2020, the Court granted Defendants' motions for summary judgment on the FDCPA claim, dismissed the related state-law claims, and issued final judgment in favor of Defendants. *See* dkt. 218; dkt. 219. The summary judgment order explained that Mr. Ciesniewski had not demonstrated a triable issue of fact under the FDCPA because no designated evidence showed that the state filings were directed at him. Dkt. 218 at 1, 7–8. Indeed the "filings were neither directed to Mr. Ciesniewski nor did they ask him to do anything" and instead were "directed solely at the state-court judge

4

to cause the judge to making rulings favorable to a creditor." *Id.* at 8. The order explained that Mr. Ciesniewski had neither designated evidence nor set forth legal argument stating that "he received, saw, or read these documents before filing this lawsuit." *Id.* at 9–10. As a result, the order granted Defendants' motions for summary judgment. *Id.* at 1, 10–11.

Mr. Ciesniewski has filed a motion for reconsideration under Fed. R. Civ. P. 59(e). Dkt. 220.

## II.
## Applicable Law

Relief under Rule 59(e) is an "extraordinary" remedy ordinarily "reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). "To establish relief under Rule 59(e), a movant must demonstrate a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued," *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020), and a "Rule 59 motion is not a forum to relitigate losing arguments," *Ohr ex rel. Nat'l Labor Relations Bd. v. Latino Exp., Inc.*, 776 F.3d 469, 478 (7th Cir. 2015).

## III.
## Analysis

Plaintiff seeks reconsideration, arguing that: (A) "the decisions relied upon by the Court do not support its conclusion," dkt. 220 at 7–9, (B) the Court did not adequately address his evidence, *id.* at 2–7, and (C) "the Court

5

did not address [his] claim based on an attempt to collect an excessive amount," *id.* at 9–10.[2]

### A. Precedent on the "Directed to" Standard

Plaintiff contends that "the decisions relied upon by the Court do not support its conclusion" in the summary judgment order. Dkt. 220 at 7. Specifically, Plaintiff argues that the Court unjustifiably extended the holding in *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011). *Id.* Palisades Defendants respond that the summary judgment order properly applied Seventh Circuit precedents to the facts before it. Dkt. 223 at 2.

As the summary judgment order explained, *O'Rourke* held that the FDCPA "does not extend to communications that would confuse or mislead a state court judge but is limited to communications directed at consumers." Dkt. 218 at 6 (citing *O'Rourke*, 635 F.3d at 943–44). Because the state filings were not "directed at" Mr. Ciesniewski, the Court granted summary judgment to Defendants. *Id.* at 7–8.

Plaintiff argues that *O'Rourke* did "not hold that statements or omissions in pleadings which request action by a state court judge but also communicate false facts to the consumer are non-actionable." Dkt. 220 at 7. Palisades Defendants respond that Plaintiff already had a chance to air this argument when "the Court asked [the parties] to provide supplemental briefing

---

[2] In addition to disputing these claims, Defendants assert alternative grounds for denying Plaintiff's motion. *See* dkt. 222 at 2–5 (statute of limitations); dkt. 223 at 6 (same); dkt. 221 at 2–3 (bona fide error doctrine). Because the Court rejects each of Plaintiff's claims and thus denies his motion for reconsideration, this order does not address Defendants' additional arguments.

6

addressing the . . . case specifically." Dkt. 223 at 2 n.1 (citing court order at dkt. 211). Palisades Defendants further argue that the Court correctly applied *O'Rourke*'s holding that the FDCPA's prohibitions "are clearly limited to communications directed to the consumer and do not apply to state judges." *See id.* (quoting *O'Rourke*, 635 F.3d at 941).

Plaintiff's principal argument fails because the summary judgment order did not broadly "hold that statements or omissions in pleadings" requesting court action are "non-actionable." *Cf.* dkt. 220 at 7; *see Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016) (holding "that representations may violate § 1692e of the FDCPA even if made in court filings in litigation."). Rather, the Court's holding was based on the facts presented in this case, including that the specific filings designated by Plaintiff were directed to the state court judge, not to Mr. Ciesniewski. *See* dkt. 218 at 7–8; *O'Rourke*, 635 F.3d at 941. Mr. Moss's notice of appearance, "was a procedural filing notifying the state court judge of Mr. Moss' appearance." *Id.* at 7 (citing dkt. 159-10). The motion for supplemental proceedings, "petitioned the court to take certain action on a judgment already obtained." *Id.* at 8 (citing dkt. 159-9). Because both state filings were "directed to" the state court judge and not Mr. Ciesniewski, the Court granted summary judgment to Defendants. *Id.*

Plaintiff's corollary argument—that these filings are actionable because they "also communicate[d] false facts to the consumer," in addition to the state court judge, *see* dkt. 220 at 7—is foreclosed by *O'Rourke*, 635 F.3d at 942; *see* dkt. 218 at 6–7 (discussing *O'Rourke* in detail). While Plaintiff's "indirect

7

recipient" argument was endorsed in a concurring opinion, the majority rejected this argument and drew a "line at communications directed at consumers" to avoid "the practical difficulty of parsing claims about whether a communication directed at a third party is actionable." *O'Rourke*, 635 F.3d at 942–44. Because the Court's summary judgment order correctly applied *O'Rourke*, Plaintiff has shown no error of law requiring reconsideration on this ground. *See Vesely*, 762 F.3d at 666.

## B.     Consideration of Evidence

Plaintiff argues that the Court overlooked evidence showing that he (1) knew about the state filings and (2) was misled by communications beyond those state filings. Dkt. 220 at 4–5.

### 1. Plaintiff's Awareness of State Filings

Plaintiff points to an email exchange between his attorney and Mr. Moss and certain state court orders to show that "Mr. Ciesniewski was aware that legal proceedings were being conducted" against him. *Id.* at 4–5. To support this argument, he cites an email sent from his attorney Keith Hagan to Mr. Moss four months after the state filings at issue were filed which stated, "One question my client rose . . . is where this debt is originating from." *Id.* at 3–4 (quoting dkt. 165-18 at 4). Plaintiff also describes two state court orders, one sent to his employer, dkt. 165-28, and one sent to his address, dkt. 165-29. *See* dkt. 220 at 6. Mr. Ciesniewski argues that together this evidence "conclusively establishes that [his] counsel received the misrepresentations at

issue" and that Plaintiff "became aware that legal proceedings were being conducted" against him. *Id.* at 6–7.

But even if shown by the designated evidence, that fact would not show "manifest error" in the Court's summary judgment ruling. Plaintiff contends that his eventual receipt of the information contained in the state court filings shows that Defendants directed the state filings at him. But *O'Rourke* rejected this indirect-communication argument. *See* 635 F.3d at 942–44. And as the summary judgment order discussed, both filings addressed the state court judge *directly*, not Mr. Ciesniewski. *See* dkt. 159-10 (notice of appearance *to the state court*); dkt. 159-9 (requesting *the state court* to order a hearing or interrogatories).

Plaintiff next argues that the Court erred when it explained that "Mr. Ciesniewski has not designated any evidence that he received, saw, or read" the state filings "before filing this lawsuit." Dkt. 218 at 9–10; *see* dkt. 220 at 2; dkt. 225 at 3. But again, even assuming this is the case, that would not change the Court's conclusion that he had no viable FDCPA claim because the state filings were not directed at him. *See supra*, p. 8–9.

### 2. Misleading Communications Beyond the State Filings

While not entirely clear, Plaintiff seems to argue that Mr. Moss' emails *themselves* were misrepresentations "directed to" him through his attorney Mr. Hagan.[3] *See* dkt. 220 at 6; dkt. 225 at 5 (Mr. Moss' emails "misrepresent[ed]

---

[3] Plaintiff's motion for reconsideration does not make its grounds clear. To the extent that the motion also argues that the two state court orders were "directed to" Plaintiff and thus actionable, dkt. 220 at 1, 6–7, the Court rejects that argument because a state court judge, not

9

that the company behind the legal proceedings was Centurion . . . [and that the debt] was owned by Aries, which was not true."). Mr. Moss replied to Mr. Hagan's August 24, 2015 email, *supra* p. 8, and told him that he "believe[d] the debt [wa]s owned by Aries Data Collection," dkt. 165-18 at 3. Plaintiff claims that this was a misrepresentation of the true owner of the debt because Aries was "merely a servicing agent which arranged for the collection of debts on behalf of the Palisades entities." Dkt. 220 at 4–5. Palisades Defendants respond that this is a new legal argument for which Plaintiff did not previously designate evidence. Dkt. 223 at 3–4.

Plaintiff did not reference these emails in his complaint, *see* dkt. 43; Fed. R. Civ. P. 10(b) (requiring parties to state "each claim founded on a separate transaction or occurrence" "in a separate count"), and only cited the email evidence once in his 68-page summary judgment brief, *see* dkt. 189 at 26 ¶ 19 ("Moss did not realize that Centurion Capital may have been dissolved until he received an email from counsel for Ciesniewski in 2015"). Plaintiff has also not shown that he previously argued that these emails violated the FDCPA. The Court will "not address new arguments . . . that [Mr. Ciesniewski] could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703 (2020); *see Adams v. Bd. of Educ. of Harvey Sch. Dist. 152*, 968 F.3d 713, 715 (7th Cir. 2020) ("It is *new* arguments that get a litigant into trouble, for those have been

---

Defendants, issued and communicated these orders. As a result, they cannot serve as a proper ground for reconsideration. *See Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 385 (7th Cir. 2010) (FDCPA actions generally require "a communication *from a debt collector* . . . made in connection with the collection of any debt") (emphasis added); 15 U.S.C. § 1692e.

10

waived or forfeited.") (emphasis in original).  This argument therefore cannot serve as an appropriate ground for reconsideration.[4]

### C. Excess-Amount Claim

Plaintiff argues that "the Court did not address [his] claim based on [Defendants'] attempt to collect an excessive amount."  Dkt. 220 at 9. Palisades Defendants contend that the summary judgment order properly covered both counts of Plaintiff's FDCPA claim.  Dkt. 223 at 6–7.

Plaintiff's complaint alleged that Mr. Moss made a false representation when he (1) purported to act on behalf of "Dead Companies," and (2) falsely represented the amount of the debt.  Dkt. 43 at 13–14, 16.  Plaintiff brought both claims under Section 1692e, *id.*, which, as the Court explained, requires "communications directed to the consumer," *see* dkt. 218 at 5–6.  As a result, the summary judgment order's discussion of the "directed to" standard and holding that the filings were not "directed to" Mr. Ciesniewski necessarily encompassed both aspects of Plaintiff's complaint under section 1692e.  *See id.* at 4–5.  Because the excess-amount claim fails on that basis, the Court did not need to address other elements of that claim, and Plaintiff has demonstrated no manifest error of law or fact that requires reconsideration.

---

[4] Even if this argument and the supporting evidence were initially raised as required for reconsideration, it would not change the result.  *See Gomez v. Cavalry Portfolio Servs., LLC*, 962 F.3d 963, 967–68 (7th Cir. 2020) (Under the "competent attorney" standard, a debt collector violates the FDCPA when its communication to the debtor's counsel "would deceive or mislead a competent attorney.").  Because Plaintiff has not argued that Mr. Moss' emails would fool a competent attorney and because Mr. Hagan did not actually appear to have been misled, *see* dkt. 165-18 at 2–3, these emails do not present evidence of an FDCPA violation.

## IV.
## Conclusion

For the reasons above, Mr. Ciesniewski's motion for reconsideration, dkt. [220], is **DENIED**.

**SO ORDERED.**

Date: 12/11/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

John P. Boyle
MOSS & BARNETT, P.A.
john.boyle@lawmoss.com

Cathleen Maria Combs
EDELMAN COMBS LATTURNER GOODWIN
ccombs@edcombs.com

Sarah E. Doerr
MOSS & BARNETT, A PROFESSIONAL ASSOCIATION
sarah.doerr@lawmoss.com

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
courtecl@edcombs.com

Keith R. Hagan
HAGAN AND WHITE LLP
keith@hlocl.com

Steven R. Hofer
CONSUMER LAW OFFICE OF STEVE HOFER
hoferlawindy@gmail.com

Matthew P. Kostolnik
MOSS & BARNETT
matt.kostolnik@lawmoss.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Nicholas Ward Levi
KIGHTLINGER & GRAY, LLP (Indianapolis)
nlevi@k-glaw.com

Paige Moray Neel
CLAUSEN MILLER P.C.
pneel@clausen.com

Daniel L. Polsby
CLAUSEN MILLER PC
dpolsby@clausen.com

Michael S. Poncin
MOSS & BARNETT
mike.poncin@lawmoss.com